381 So.2d 363 (1980)
Melvin Douglas SAYAN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1400.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
*364 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, and Robert J. Fogan, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn and Mary E. Marsden, Asst. Attys. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
This appeal is from a judgment of conviction for first degree murder. The appellant challenges the sufficiency of the evidence and claims the trial court erred in several other respects during the course of his trial.
We have reviewed the entire record including the transcripts of testimony presented at trial; and, although we agree that the state's case was principally based on circumstantial evidence, we find the evidence is adequate to sustain the verdict of the jury and the ruling of the trial court in denying the motion for judgment of acquittal. Cooper v. Wainwright, 308 So.2d 182 (Fla. 4th DCA 1975); Duran v. State, 301 So.2d 486 (Fla. 3d DCA 1974).
Appellant also claims error by the trial court in giving an Allen or "dynamite" charge.[1] However, we find the record supports the trial court's action in giving the charge and further find that the failure to object waived any objection appellant may have had to the instruction. As to the claim of error by the trial court in denying appellant's motion to allow the jury to view the scene where the victim's body was found, we also find no abuse of discretion and again find no objection by the appellant to the trial court's statements to the jury concerning the reason for the denial of the motion.
Finally, we find no error by the trial court in failing to dismiss the case because there had been two previous mistrials which occurred when prior juries were discharged due to their inability to reach a verdict. After a mistrial, a case stands as if it had never been tried and the defendant is subject to being tried again on the same charge. Smith v. State, 135 Fla. 835, 186 So. 203 (1939); State v. Dowling, 91 Fla. 236, 107 So. 267 (1926). There is no claim here as to the propriety of the prior mistrials nor any claim of prejudice by reason thereof insofar as the appellant's ability to prepare for trial and defend the charges asserted. In the absence of such circumstances the appellant is not entitled to be discharged simply because he must undergo the ordeal of a third trial.
Accordingly, having reviewed the record and the issues raised by appellant and finding no reversible error, the judgment and sentence of the trial court are hereby affirmed.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).