383 So.2d 752 (1980)
STATE of Florida, Appellant,
v.
Tommy Lee SHERROD, Appellee.
No. 79-586.
District Court of Appeal of Florida, Fourth District.
May 14, 1980.
*753 Jim Smith, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellant.
Alan H. Schreiber, Public Defender, and Channing E. Brackey, Asst. Public Defender, Fort Lauderdale, for appellee.
HERSEY, Judge.
Appellant, Tommy Lee Sherrod, was charged by Information with possession of cocaine in violation of Sections 893.03(2)(a)(4) and 893.13(1)(e), Florida Statutes (1977). After two jury trials resulted in mistrials, the trial court entered an order "... on its own motion that the charges against the defendant be and the same are hereby dismissed with prejudice." The State appeals from this order.
We address initially the question of whether this Court has jurisdiction. Rule 9.140(c), Florida Rules of Appellate Procedure permits an appeal from an order dismissing an Information. The instant dismissal with prejudice to future prosecution, while resembling a judgment of acquittal which we have no jurisdiction to review, State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976), is not, in fact or form, a judgment of acquittal. Accordingly, we treat it as an order dismissing an Information and address the merits from that perspective.
The trial court gave no indication that the order resulted from a finding that the evidence was insufficient to warrant a conviction. In addition, the defendant made no motion for judgment of acquittal. In the event a jury cannot reach a verdict, the trial court should declare a mistrial, discharge the jury and set the case for retrial. Fla.R.Crim.P. 3.560(b); Smith v. State, 135 Fla. 835, 186 So. 203 (1939); Johnson v. State, 54 Fla. 45, 44 So. 765 (1907).
We therefore find that the trial court was without authority to enter the order of dismissal. Concluding that the order was erroneously entered, we are confronted with the argument that the order was the substantial equivalent of an acquittal and that the constitutions of the United States and the State of Florida prohibit placing an individual twice in jeopardy for the same offense. Amend. V, U.S.Const., Art. I, § 9, Fla. Const. The consequence of accepting this argument is that the order of dismissal may not be reversed because the retrial which would necessarily follow would constitute double jeopardy. However, where a mistrial occurs there is no "formal jeopardy" to bar subsequent prosecution for the same offense. Smith v. State, supra. This is true even in the event of three mistrials. State v. Dowling, 91 Fla. 236, 107 So. 267 (1926). As we said in Sayan v. State, 381 So.2d 363 (Fla. 4th DCA 1980):
After a mistrial, a case stands as if it had never been tried and the defendant is subject to being tried again on the same charge.
Conceding as we have that the order under review goes beyond a simple declaration of mistrial and is in the nature of an acquittal, we determine that the trial court departed from the essential requirements of law in entering that order. We further conclude that since the order was entered under those circumstances, jeopardy has not attached to prevent the defendant from being tried again for the same offense.
The Second District, in State v. Vinson, 320 So.2d 50 (Fla. 2d DCA 1975), reached a similar result. That court granted a common law writ of certiorari to review a trial court's order entered pursuant to an evidentiary hearing finding defendant not guilty and discharging him from prosecution. The Supreme Court, in Vinson v. State, 345 So.2d 711 (Fla. 1977), affirmed the district court's conclusion that the trial court departed from the essential requirements of law to the irrevocable prejudice of the state and that jeopardy had not attached. The *754 court held that double jeopardy sanctions come to fruition only if the court properly acts in a manner within its jurisdiction and authority.
Having concluded that the order appealed from was beyond the authority of the trial court, we reverse the order dismissing the Information with prejudice and remand the cause with instructions to set the case for retrial.
DOWNEY and ANSTEAD, JJ., concur.