412 So.2d 347 (1982)
Alonzo BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 53230.
Supreme Court of Florida.
March 25, 1982.
*348 Bennett H. Brummer, Public Defender and Beth C. Weitzner, Asst. Public Defender of the Eleventh Judicial Circuit, Miami, for appellant.
Jim Smith, Atty. Gen., and Steven L. Bolotin, Paul Mendelson and Calvin L. Fox, Asst. Attys. Gen., Miami, for appellee.
ALDERMAN, Justice.
Alonzo Bryant appeals his conviction for first-degree murder and his sentence of death. He also appeals his conviction for the underlying felony of robbery. We find that the court committed reversible error in not giving Bryant's requested instruction on independent act, and we reverse his conviction *349 for murder in the first degree and remand for a new trial. In view of this disposition, we find it unnecessary to address most of the issues presented by Bryant on appeal. We do hold, however, that the trial court did not err in denying Bryant's motion to dismiss based on his challenge to the grand jury and did not err in denying Bryant's motion to suppress his inculpatory statement and in allowing this statement to be introduced at trial. We further find no reversible error affecting his conviction for robbery and therefore affirm this conviction.
From the evidence, the jury could have found that Alonzo Bryant was asked by Alvin Jackson to assist him in burglarizing an apartment, which Jackson said was vacant. They went to the apartment of the victim, Luis Abreau, and, upon entering, Bryant was surprised to see the victim naked, with his hands and feet tied with the cord of an electric clock, and in a crouched position on the floor. Bryant advised Jackson that the victim was improperly tied and was likely to escape. Bryant then proceeded to retie the victim's hands behind his back with the clock cord. He tied the cord to one wrist, then through the victim's mouth, pushing his tongue upwards, and then tied the cord to the victim's other wrist. Bryant then picked up the victim and put him on the bed. While he was at the apartment, he did not observe any sexual assault upon the victim although Alvin Jackson had engaged in homosexual activity on previous occasions. When he left the apartment which was within fifteen minutes from the time he had arrived, the victim was gagging but was alive, and Jackson was still in the apartment. He met Jackson two days later to get a share of the money from the cashed travelers checks stolen from the victim's apartment.
The victim's nude body was found in a kneeling position against the bed, his buttocks and anal regions were coated with a greasy gel lubricant, and he had been subjected to a violent anal penetration which resulted in a blood flow. In addition to the cord of the electric clock wrapped around his wrists and through his mouth, a necktie was tightly bound around his neck. The victim had sustained severe neck injuries including fracture of the hyoid bone and thyroid and larynx cartilage and hemorrhage of the right vocal cord inside the larynx. The severe trauma to the victim's neck was caused by the placement of the necktie and not the electric cord. The victim died of asphyxia by strangulation. Bryant's fingerprint was found on the clock, the cord of which had been used to secure the victim. Travelers checks, a television set, cash, and other items valued in excess of $100 were taken from the victim's apartment.
The grand jury indicted Bryant for first-degree murder, charging that he killed Abreau by strangulation from either a premeditated design or while engaged in the perpetration of, or in an attempt to perpetrate, a robbery. He was also charged with robbery. He was convicted on both counts and was sentenced to death for the murder and was sentenced to fifteen years for the robbery.
He appeals his convictions and sentences on several grounds. His first point is meritorious and requires reversal of his conviction of murder and a new trial. Because there was evidence that an act totally independent of the robbery and the tying of the victim with the clock cord which was a part of the robbery may have caused the victim's death, Bryant requested that the trial court give an instruction to the jury on independent acts. Bryant argues that the trial court's failure to give this instruction was prejudicial to him and deprived him of his rights to a fair trial by jury and due process of law. Bryant contends that had this instruction been given, the jury could have decided that the death occurred not pursuant to the robbery but rather pursuant to a subsequent sexual assault which the jurors could have determined was an independent act by Jackson or some other person, in which Bryant had not participated and which was outside of, and foreign to, the common design of Jackson and Bryant to rob the victim. Bryant urges, *350 and we agree, that this was a crucial factual issue bearing directly upon his liability for the homicide. The record reflects that the victim was subjected to a burglary, a robbery, and a sexual battery, and there was evidence from which the jury could have concluded that Bryant withdrew from the criminal enterprise prior to the sexual battery and death of the victim. The jury expressed its confusion as to what act on the part of Bryant would implicate him in the murder by its questions to the judge regarding certain jury instructions given by the court. Although during argument to the jury, defense counsel made clear his position as to the theory of independent act, the jury was not apprised of any legal basis upon which it could consider this position since the court refused to give an instruction on independent act. In fact, the court, in response to the jury's inquiries as to what act of Bryant's was necessary to be proved in order to find him guilty of murder in the first degree, told the jury if it found that Bryant was a participant in the robbery or attempted robbery and death ensued then Bryant would be guilty of first-degree murder. The record demonstrates that Bryant was prejudiced by the court's failure to instruct on independent act.
The State suggests that Bryant's liability for first-degree felony murder is predicated on his participation in the robbery and that the trial court properly refused to instruct on independent act because Bryant's theory of defense is not supported by any reasonable view of the evidence. We disagree. In this case, there was evidence to support Bryant's theory of defense, and the requested instruction should have been given. Where there is any evidence introduced at trial which supports the theory of the defense, a defendant is entitled to have the jury instructed on the law applicable to his theory of defense when he so requests. Motley v. State, 155 Fla. 545, 20 So.2d 798 (1945).
The record demonstrates beyond a reasonable doubt that Bryant was present during and participated in the robbery. If the jury finds that the tying of the victim by Bryant during the course of the robbery or any other acts committed by Bryant or his accomplice during the perpetration of the robbery either caused or materially contributed to the victim's death, then it may properly find Bryant guilty of first-degree murder. Swan v. State, 322 So.2d 485 (Fla. 1975). This is so because the felony murder rule and the law of principles combine to make a felon liable for the acts of his co-felons. Adams v. State, 341 So.2d 765 (Fla. 1976), cert. denied, 434 U.S. 878, 98 S.Ct. 232, 54 L.Ed.2d 158 (1977). But this liability is circumscribed by the limitation that the lethal act must be in furtherance or prosecution of the common design or unlawful act the parties set out to accomplish. Adams v. State; Pope v. State, 84 Fla. 428, 94 So. 865 (1922). Since it is the commission of a homicide in conjunction with intent to commit the felony which supplants the requirement of premeditation for first-degree murder, Fleming v. State, 374 So.2d 954 (Fla. 1979), there must be some causal connection between the homicide and the felony. In the present case, if the jury finds that the death was not caused or materially contributed to by any acts committed during the perpetration of the robbery but rather was caused solely by acts committed during the perpetration of the sexual battery, if the jury finds that Bryant was not actually or constructively present during and did not participate in the perpetration of the sexual battery, and if the jury finds that the sexual battery was an independent act of another and not a part of Jackson and Bryant's common scheme or design, then it may not find Bryant guilty of first-degree felony murder. This is a factual issue to be determined by the jury pursuant to proper court instructions consistent with this opinion.
Accordingly, we affirm the robbery conviction, but we reverse the conviction of murder in the first degree and remand for a new trial.
It is so ordered.
SUNDBERG, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent.