428 So.2d 1389 (1983)
Robert Lewis BUFORD, Petitioner,
v.
Louie L. WAINWRIGHT, Respondent.
No. 62653.
Supreme Court of Florida.
March 17, 1983.
David Rubman, Lake Alfred, and David E. Weisberg of Fried, Frank, Harris, Shriver & Jacobson, New York City, for petitioner.
Jim Smith, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for respondent.
ADKINS, Justice.
We have for consideration a petition for writ of habeas corpus by Robert Lewis Buford whose conviction and sentence of death were affirmed by this Court in Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 *1390 (1982). We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
Petitioner contends his appellate counsel failed to pursue the substantively viable legal issue of the trial court's improper instruction to the jury on "associates." Petitioner further contends that the failure to present such issue to this Court on direct appeal of his death sentence resulted in his being denied reasonably effective assistance of counsel. U.S. Const. amend. VI.
We will address petitioner's claim by applying the standards adopted by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981), to determine whether counsel for the petitioner provided reasonably effective assistance in the initial appeal.
However, before reaching the merits of this petition we must determine whether trial counsel initially preserved the disputed issue for appeal by objecting to the court's alleged improper instruction on principals and accessories. Fla.R.Crim.P. 3.390(d).
Rule 3.390(d) reads:
No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
In a bench conference prior to the court's charge to the jury, petitioner's trial counsel specifically requested that the instruction which the trial court intended to give include "requirements that the State show that as a principal that Mr. Buford have the conscious intent that the crime [murder] be committed and that he say a word or do an act toward the commission or toward the incitement ... [of the crime]." The trial court denied the requested modification and advised counsel, "Okay, your objection can be noted." In response to counsel's question, "And overruled?" the court replied, "And overruled."
We find that the trial court's alleged erroneous instruction to the jury on principals and accessories was properly preserved for appeal. We now proceed to the merits of this petition.
Petitioner contends that appellate counsel effected an injustice upon petitioner when counsel failed to raise the alleged erroneous jury instruction on his initial appeal to this Court, thus violating the principles enunciated in Knight v. State, 394 So.2d 997 (Fla. 1981).
Because we find that appellate counsel provided reasonably effective assistance of counsel in the original appeal, petitioner is not entitled to a belated appeal and therefore the petition must be denied.
In charging the jury, the trial court included the following instruction on principals and associates:
When two or more persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in furtherance or prosecution of the common design. If two or more persons combine to do an unlawful act, and in the prosecution of the common object an unlawful homicide results, all are alike criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present aiding and abetting the injury done, and the actual perpetrator is considered as the agent of his associates. His act is theirs as well as his own and all are equally guilty.
Petitioner testified at trial. His testimony necessitated the contested charge being given because petitioner claimed that a person named "Fat Boy" had participated in the prior sexual battery and that he, and not petitioner, had actually killed the victim. This testimony, if believed by the jury would have been consistent with a felony-murder theory of the case. Contrary to petitioner's assertions, based on evidence presented, the jury could have still convicted him of first-degree murder. Malloy v. State, 382 So.2d 1190 (Fla. 1979). The instruction *1391 related directly to petitioner's testimony at trial, thus satisfying the requirement that only instructions which have support in the record should be given to the jury. See Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979). Finally, the fact that an unlawful homicide occurred during the perpetration of the sexual battery is sufficient to support a conviction for first-degree murder without the necessity of proving petitioner's specific intent that the murder be effected.
Therefore under the facts of this case we find the jury instruction complained of to have been properly given. Therefore, as such, appellate counsel's failure to raise the issue on appeal did not amount to ineffective assistance of counsel under Knight.
As alternative support for the denial of the petition we find that under the indictment the state could properly prosecute under both a theory of premeditation and a theory of felony-murder. Adams v. State, 412 So.2d 850 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 182, 74 L.Ed.2d 148 (1982); State v. Pinder, 375 So.2d 836 (Fla. 1979); Barton v. State, 193 So.2d 618 (Fla. 2d DCA 1966), cert. denied, 201 So.2d 459 (Fla. 1967). Since the record clearly presents evidence sufficient to support a finding by the jury that the killing was by premeditated design, the charge complained of cannot be said to be harmful under Knight even if it were erroneous. Vasil v. State, 374 So.2d 465 (Fla. 1979), cert. denied, 446 U.S. 967, 100 S.Ct. 2945, 64 L.Ed.2d 826 (1980); Frazier v. State, 107 So.2d 16 (Fla. 1958).
In order to support a claim of ineffective assistance of counsel under Knight it must be established that the alleged error was prejudicial in fact. This the petitioner has failed to do.
Based on the foregoing, we conclude that the petitioner has failed to establish that he was denied reasonably effective assistance of appellate counsel. Consequently the petition for writ of habeas corpus is hereby denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.