PER CURIAM.
The defendant Lynn Davis Good appeals from judgments of conviction and sentences for two counts of manslaughter by operating a vehicle while intoxicated and one count of leaving the scene of an accident involving personal injury. She raises three points on appeal: (1) the denial of her motion to suppress, (2) the denial of certain requested jury instructions and (3) the denial of her motion for mistrial based on an allegedly improper argument by the prosecuting attorney. We find no merit in these points and affirm.
First, there was ample probable cause for the police to believe that the defendant was under the influence of alcoholic beverages when she drove her motor vehicle into a crowd of people killing two pedestrians. This being so, the blood test in question was properly administered to the defendant. Schmerber v. California, 384 U.S. 757, 770, 86 S.Ct. 1826, 1835, 16 L.Ed.2d 908, 919 (1966); Jackson v. State, 456 So.2d 916 (Fla. 1st DCA 1984); § 316.1933(1), Fla.Stat. (1983).
Second, the requested jury instructions were properly refused because (a) the requested instruction concerning the decedents’ walking in the roadway is an incorrect statement of the law as it erroneously authorizes an acquittal if the jury finds that the decedents’ alleged traffic infractions constituted “a significant factor in the accident,” see Filmon v. State, 336 So.2d 586 (Fla.1976), cert. dismissed, 430 U.S. 980, 97 S.Ct. 1675, 52 L.Ed.2d 375 (1977); (b) the requested instruction on the entire schedule of presumptions [§ 316.1934, Fla.Stat. (1983) ], rather than the relevant portion thereof [§ 316.1934(2)(c), Fla.Stat. (1983)] on which the court did instruct, was not required in this case, see Buford v. Wainwright, 428 So.2d 1389 (Fla.), cert. denied, — U.S. -, 104 S.Ct. 372, 78 L.Ed.2d 331 (1983); and (c) the requested instruction on prima facie evidence does not properly define the term and is argumentative in nature. Also, the denial of the motion for a jury view of the accident scene presents no error. See Tay *1084 lor v. State, 139 Fla. 542, 551, 190 So. 691, 694 (1939); Sayan v. State, 381 So.2d 363, 364 (Fla. 4th DCA 1980).
Third, the prosecutor’s argument was for the most part proper as it was based on the evidence adduced below. The balance, although technically improper, had no real impact on the outcome of the case in view of the overwhelming evidence of guilt, and any erroneous rulings allowing same constituted harmless error. Blair v. State, 406 So.2d 1103, 1107 (Fla.1981); Williard v. State, 462 So.2d 102 (Fla. 2d DCA 1985).
The final judgments and sentences under review are in all respects affirmed.
Affirmed.