492 So.2d 355 (1986)
Robert Lewis BUFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 66329.
Supreme Court of Florida.
June 5, 1986.
Rehearing Denied August 25, 1986.
*357 David E. Weisberg of Weisberg & Berns, New York City, for appellant.
Jim Smith, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
ADKINS Justice.
Robert Lewis Buford was convicted of first-degree murder and sexual battery upon a child under eleven years of age. The jury recommended that two sentences of life imprisonment be imposed. The court imposed two sentences of death. This Court vacated the death sentence for sexual battery and affirmed the death sentence for murder. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982). Shortly thereafter, this Court denied Buford's petition for writ of habeas corpus. Buford v. Wainwright, 428 So.2d 1389 (Fla.), cert. denied, 464 U.S. 956, 104 S.Ct. 372, 78 L.Ed.2d 331 (1983). Buford subsequently sought post-conviction relief in the trial court pursuant to Florida Rule of Criminal Procedure 3.850, which was denied. He now seeks review of that denial. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Appellant's motion to vacate, set aside or correct judgment raised the following issues: (1) whether the death sentence in this case is contrary to Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); (2) whether appellant was denied effective assistance of counsel at trial; (3) whether appellant was denied effective assistance of counsel at sentencing; (4) whether a new sentencing hearing is required because two death sentences were imposed in a single sentencing hearing and one sentence was subsequently reversed; (5) whether the trial court erred in refusing to instruct the jury on the doctrine of independent acts; (6) whether the trial court erred in failing to consider non-statutory mitigating factors; (7) whether the death penalty was imposed in an arbitrary and discriminatory manner; and (8) whether the jury override was a violation of due process.
Issues 4, 5, 6 and 8 either were or could have been raised on direct appeal and are therefore precluded from collateral review. Raulerson v. State, 462 So.2d 1085 (Fla. 1985); Smith v. State, 457 So.2d 1380 (Fla. 1984).
Appellant claims that the death sentence in this case is contrary to Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), in which the United States Supreme Court held that it is cruel and unusual punishment to impose capital punishment on a defendant who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill or intend that a killing take place or that lethal force be employed. Id. at 797, 102 S.Ct. at 3376-3377. We choose to address the Enmund issue despite the fact that it was raised on direct appeal. Buford, 403 So.2d at 950. We will address the issue because our opinion affirming Buford's death sentence was rendered on July 23, 1981, rehearing denied October 14, 1981, before the United States Supreme Court clarified the law in this area by rendering the Enmund decision on July 2, 1982.
Appellant contends that a combination of his trial court testimony, comments by the prosecutor and instructions by the judge warrants a finding that the jury convicted him for first-degree murder under a theory and factual setting which renders the sentence of death impermissible under Enmund. Appellant notes that the jury was instructed that they could find him guilty of first-degree murder even if they found that Darrell Wilson had actually killed the victim. Further, the jury was instructed on three theories of first-degree murder; premeditated killing by Buford; killing by Buford in the course of his perpetration of sexual battery; killing by Darrell Wilson. *358 Moreover, the prosecutor, in summation, informed the jury that they could convict Buford of first-degree murder even if the actual killing was done by Darrell Wilson. Lastly, Buford testified at trial that Darrell Wilson alone murdered the seven-year-old girl.
The crux of appellant's argument is that in light of the various theories of first-degree murder presented to the jury, a special verdict form was required to insure that the jury did not convict him under a theory and factual setting which would prohibit the imposition of the death sentence. We disagree. In Brown v. State, 473 So.2d 1260 (Fla.), cert. denied, ___ U.S. ___, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985), we found no error in the trial court's refusal to use special verdict forms which would have indicated whether the first-degree murder conviction was based upon premeditated murder or felony murder. Id. at 1265. Similarly, we now hold that a special verdict form is not required to determine whether a defendant's first-degree murder conviction is based upon premeditated murder, felony murder or accomplice liability.
Appellant's argument must fail because Enmund does not constitutionally require the jury to expressly make the finding of culpability requested. Ross v. Kemp, 756 F.2d 1483 (11th Cir.1985). Rather, under Florida's bifurcated capital sentencing scheme, the sentencing judge and the reviewing court determine whether the defendant was convicted under circumstances which would prohibit imposition of the death sentence. Brown, 473 So.2d at 1265.
In further support of the proposition that the judge, not the jury, must determine whether a defendant cannot be sentenced to death under Enmund, we note that the United States Supreme Court recently explained:
In light of the fact that the Sixth Amendment does not require jury sentencing, that the demands of fairness and reliability in capital cases do not require it, and that neither the nature of, nor the purpose behind, the death penalty requires jury sentencing, we cannot conclude that placing responsibility on the trial judge to impose the sentence in a capital case is unconstitutional.
Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 3165, 82 L.Ed.2d 340 (1984).
The facts of this case make it clearly distinguishable from Enmund. Unlike Enmund, who was the driver in a getaway car and was not present at the scene of the immediate murders, Buford told his sister that he killed a lady with a brick and confessed to the police that he had sexual intercourse with the seven-year-old victim and then dropped a thirty-two pound concrete block on her head two times. Thus, Enmund is inapplicable to this case, because, as we have stated twice previously, ample evidence exists to support a finding of premeditation. 403 So.2d at 948, 428 So.2d at 1391.
Appellant contends that his trial counsel was ineffective during the guilt phase of the trial because (1) he failed to obtain a transcript of the grand jury testimony; (2) failed to move for a change of venue; (3) failed to move for an order suppressing the results of the physical examination; and (4) failed to request an instruction on voluntary intoxication. Appellant's claim fails both prongs of the two-part test enunciated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
466 U.S. at 687, 104 S.Ct. at 2064.
Appellant has failed to demonstrate that the failure to obtain a transcript of grand jury testimony resulted in prejudice. This is especially true in light of the fact *359 that attorneys seldom move to obtain a transcript of the testimony before the grand jury.
Appellant's contention that his counsel was deficient in failing to request a change of venue on the grounds of pretrial publicity is without merit. Appellant avers that in the course of voir dire, six veniremen stated that they had heard about the case, one of whom ultimately served on the jury. Counsel's failure to move for a change of venue was a tactical decision and therefore not subject to attack. Songer v. State, 419 So.2d 1044 (Fla. 1982). This conclusion is supported by the fact that attorneys often prefer to try a case in a county where they and their clients are known. Further, appellant has failed to establish grounds that would require a change of venue. See Copeland v. State, 457 So.2d 1012 (Fla. 1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985); Hoy v. State, 353 So.2d 826 (Fla. 1977), cert. denied, 439 U.S. 920, 99 S.Ct. 293, 58 L.Ed.2d 265 (1978).
Counsel was not deficient in failing to move for an order suppressing the results of a physical examination on the ground that blood samples were not voluntarily given. The fact that counsel objected to the introduction of the samples and the trial court overruled the objection conclusively proves he was not ineffective in this regard.
Appellant next contends that counsel was ineffective for failing to request an instruction on voluntary intoxication. Since the trial court, sua sponte, asked counsel if he wished an instruction and he declined, it is obvious that counsel made a tactical decision not to pursue this line of defense. Tactical decisions are not subject to collateral attack. Wilson v. Wainwright, 474 So.2d 1162 (Fla. 1985). Furthermore, appellant was not prejudiced by the lack of an instruction on voluntary intoxication. The state proceeded under both a premeditation and felony-murder theory. The felony-murder theory was based upon the fact that the murder occurred during the commission of a sexual battery. Intoxication would be a possible defense to the specific intent crime of premeditated murder but not to felony murder since the underlying felony  sexual battery  is not a specific intent crime. Askew v. State, 118 So.2d 219 (Fla. 1960). Thus, Buford was not prejudiced because ample evidence exists to support a finding that the jury would have found Buford guilty of first-degree murder under a felony-murder theory even if the jury would have found that he was too intoxicated to have formed the requisite intent for premeditation.
Appellant's contention that his trial counsel rendered ineffective assistance of counsel during the penalty phase of the trial is repudiated by the fact that the jury recommended life in this case. Lewis v. State, 398 So.2d 432 (Fla. 1981); Douglas v. State, 373 So.2d 895 (Fla. 1979). Further, we refuse to find counsel ineffective by relying on the jury recommendation and failing to present further mitigating evidence to the judge. Lewis.
Lastly, we refuse to depart from our prior holdings that the sentence of death is not imposed in an arbitrary and discriminating manner. See, e.g., Smith v. State, 457 So.2d 1380 (Fla. 1984).
Accordingly, the denial of appellant's 3.850 motion is hereby affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.