SHIVERS, Judge,
concurring in part and dissenting in part.
I concur in part and respectfully dissent in part. I concur in the majority’s reversal of the sentence but dissent from affirmance of the judgment. I would reverse the judgment and remand for a new trial because the trial court refused to instruct the jury on defendant’s theory of defense.
Our Florida Supreme Court has consistently held that defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense if there is any evidence to support such instruction. Smith v. State, 424 So.2d 726, 732 (Fla. 1983); Bryant v. State, 412 So.2d 347, 350 (Fla.1982); Palmes v. State, 397 So.2d 648, 642 (Fla.1981). Here defendant requested such instruction, there was evidence to support it, and defendant was entitled to have the jury so instructed. This right does not depend on whether the judge believes the defendant’s theory of defense. It is a question for the jury. Failure to give defendant’s requested instruction was not harmless. I would reverse and remand for a new trial.