**Robert Lewis BUFORD,
Petitioner–Appellant,**

v.

**Richard L. DUGGER,
Respondent–Appellee.**

No. 87–3445.

United States Court of Appeals,
Eleventh Circuit.

March 18, 1988.

David E. Weisberg, Weisberg and Berns, New York City, for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before HILL, VANCE and JOHNSON, Circuit Judges.

HILL, Circuit Judge:

Petitioner Robert Lewis Buford was convicted of first-degree murder, sexual battery upon a person under eleven years of age, and burglary, in connection with the rape and murder of seven-year old Toni Wright in November 1977. Following the Florida trifurcated procedure, the jury returned verdicts of guilty; the jury recommended life imprisonment for the murder and sexual battery convictions; and the trial judge imposed the death penalty for the murder conviction, a second death sentence for the sexual battery conviction, and fifteen years imprisonment for the burglary conviction. The facts of the case are set out in the opinion of the Florida Supreme Court on direct appeal. *Buford v. State,* 403 So.2d 943 (Fla.1981), *cert. denied sub nom. Florida v. Buford,* 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319, and *Buford v. Florida,* 454 U.S. 1164, 102 S.Ct. 1039, 71 L.Ed.2d 320 (1982).

On direct appeal, the Florida Supreme Court affirmed the death sentence for the murder conviction, vacated the death sentence for the sexual battery conviction, substituting a sentence of life imprisonment with no eligibility for parole during the first twenty-five years, and affirmed the sentence of fifteen years imprisonment for the burglary conviction. *Id.* Petitioner's petition for state habeas corpus was denied. *Buford v. Wainwright,* 428 So.2d 1389 (Fla.1983), *cert. denied,* 464 U.S. 956, 104 S.Ct. 372, 78 L.Ed.2d 331 (1983). Petitioner's motion for post-conviction relief under section 3.850 of the Florida Rules of Criminal Procedure was also denied by the Florida trial court; this denial of relief was subsequently affirmed by the Florida Supreme Court. *Buford v. State,* 492 So.2d 355 (1986). Petitioner then filed a petition for federal habeas corpus relief in the United States District Court for the Middle District of Florida. The district court granted the writ subject to resentencing; Petitioner's application for a new trial on the murder charge was denied. *Buford v. State,* 492 So.2d 355 (1986). Petitioner now appeals the district court's denial of his application for a new trial.

Petitioner summarizes his argument as follows:

The conviction for first-degree murder was unlawful, in that (A) the trial court refused to instruct the jury on the doctrine of independent acts, (B) there was evidence that the petitioner-appellant did not possess a purpose to cause the death of the victim, and (C) the conviction therefore may have been based on an

unconstitutional presumption, violative of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and its progeny.

Brief for Petitioner at 11. Petitioner argues that the jury instructions in the guilt phase of the trial permitted the jury to find that he was guilty of first degree murder based upon his association with another person who did the actual killing, even if Petitioner lacked the intent to bring about the death of the victim. He complains that the trial court's charge on "associates"[1] allowed the jury to find him guilty of first-degree murder without adequately considering his specific intent to kill or his act or acts in furtherance of that intent. The trial court denied petitioner's request for an instruction on the Florida doctrine that an accomplice is not liable for the criminal acts of co-conspirators, if those acts are beyond the scope of the conspiracy and constitute independent acts of the co-conspirators. *See Bryant v. State,* 412 So.2d 347 (Fla.1982). Petitioner asserts that this resulted in a violation of his right to due process of law under the principle of *Sandstrom v. Montana,* in that it allowed the jury conclusively to presume his intent to bring about death without the state's being required to prove that essential element of the crime.

■ We reject petitioner's claim and affirm the order of the district court. We agree with the State of Florida that petitioner's claim is procedurally barred, since it was not raised on direct appeal. *See Hall v. State,* 420 So.2d 872, 873 (1982); *Raulerson v. State,* 420 So.2d 567, 569 (Fla.1982), *cert. denied sub nom. Raulerson v. Florida,* 463 U.S. 1229, 103 S.Ct. 3572, 77 L.Ed.2d 1412 (1983).

■ Even were we to reach the merits, we would conclude that petitioner's claim must fail. The instruction given on "asso-

ciates" did not authorize a finding of guilt unless the death of the victim was the result of activity by associated persons within the scope of the association. Therefore, it did not authorize a finding of petitioner's guilt based upon independent acts of the claimed other participant outside the scope of his association. We need not decide whether or not the trial court committed any error under Florida law in failing to give the separate "independent acts" instruction; this did not result in a violation of the federal Constitution.

The judgment of the District Court from which this appeal is taken is

AFFIRMED.

---

**1.** The trial court charged the jury on "associates" as follows:

When two or more persons combine together to commit an unlawful act, each is criminally responsible for the acts of his associates committed in the furtherance or prosecution of the common design. If two or more persons combine to do an unlawful act and in the prosecution of the common object and [sic] unlawful homicide results, all are alike

criminally responsible for the probable consequences that may arise from the perpetration of the unlawful act they set out to accomplish. The immediate injury from which death ensues is considered as proceeding from all who are present aiding and abetting the injury done, and the actual perpetrator is considered as the agent of his associates. His act is theirs as well as his own, and all are equally guilty. Trial Transcript at 877–78.