570 So.2d 923 (1990)
Robert Lewis BUFORD, Appellant.
v.
STATE of Florida, Appellee.
No. 72592.
Supreme Court of Florida.
November 1, 1990.
Rehearing Denied December 19, 1990.
James Marion Moorman, Public Defender, and Steven L. Bolotin, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Robert Lewis Buford appeals from an order reimposing the death penalty. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution.
Buford was convicted in 1978 for the rape and murder of a seven-year-old Polk County girl. The jury recommended life imprisonment, but the judge overrode the jury's recommendation and imposed a death sentence. This Court affirmed the judgment and sentence. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 *924 (1982). Buford ultimately sought relief in federal court.[1] The United States District Court for the Middle District of Florida ordered a new sentencing hearing, on grounds that the jury had been improperly instructed regarding mitigating circumstances and the judge had not considered them;[2] the Eleventh Circuit Court of Appeals affirmed the order. Buford v. Dugger, 841 F.2d 1057 (11th Cir.1988).
Upon rehearing before a different judge (the original judge having recused himself), Buford presented testimony concerning his abused, neglected, and impoverished childhood, his history of drug and alcohol abuse, and his intoxication on the night of the offense. In imposing the death penalty again the trial judge noted that the aggravating and mitigating circumstances already had been found and approved by this Court. He was not certain whether to consider them anew or to accept them as the law of the case and merely consider the effect of the additional mitigating evidence.
This quandary posed no problem with the aggravating circumstances; the judge found, as had the previous judge, that two were proven: The murder was committed in the course of a sexual battery and the killing was especially heinous, atrocious, or cruel. The judge did question, however, both of the statutory mitigating circumstances that had previously been found: Buford's lack of significant criminal activity before the murder and his age at the time of the offense, nineteen. The court accepted the former circumstance, but rejected the latter based upon testimony at the hearing that had "demonstrated [Buford's] maturity and experience... ." The court considered the new evidence, which it characterized as "demonstrat[ing] a case of neglect, poverty and lack of parental care or support," but found it unpersuasive as nonstatutory mitigation because "the evidence failed to establish that this background had any bearing or effect on the horrible crimes committed by the defendant."
The principal issue is whether the death sentence violates Tedder v. State, 322 So.2d 908 (Fla. 1975), which established the standard for reviewing cases in which the jury recommends life imprisonment and the trial court overrides the recommendation and imposes the death penalty. We have established that for the override to be sustained, the life recommendation must have been unreasonable. On direct appeal this Court examines the record, and if there was a reasonable basis for the jury's recommendation, we reverse the death penalty.
In cases such as this, however, the procedure is somewhat different. Because the defendant has already received the benefit of a life recommendation, it would be improper to summon another jury, which could recommend death. It also would be unfair  as well as pointless  to have the judge bound by our previous approval of the override, since new evidence has been presented. The trial judge, therefore, must weigh all the evidence, old and new, and determine if there was a reasonable basis to support the jury's recommendation.[3] If so, the judge must sentence the defendant to life without parole for at least twenty-five years. If, however, "the facts suggesting a sentence of death ... [are] so clear and convincing that virtually no reasonable person could differ," Tedder, 322 So.2d at 910, the judge should make the appropriate findings and impose the death penalty, and this Court will review all the evidence to determine if the record still supports the override.
*925 In this case we believe the trial court erred in overriding the jury's recommendation. Many witnesses testified concerning Buford's background. A Lakeland policeman who had patrolled the neighborhood described the squalor and conditions of parental neglect in which Buford had been raised. Both parents beat the children periodically, and neither worked steadily enough to keep the family above the poverty level. Because of his father's alcoholism and his mother's penchant for spending months at a time away from home, Buford was given the responsibility, at an early age, of caring for his five younger siblings. Buford was shown to be an alcoholic who had been drinking heavily and taking drugs since his early teens. Two cousins said they almost never saw him when he wasn't obviously under the influence of alcohol or drugs. There was also testimony that Buford was intoxicated at the time of the killing. A psychiatrist expressed the opinion that Buford's ability to appreciate the criminality of his conduct and his ability to conform his conduct to the requirements of law were substantially impaired. He further testified that Buford was under mental and emotional disturbance throughout his entire life after the first six or seven years. The medical evidence introduced at the original trial corroborated Buford's serious alcohol problem. Despite the heinous nature of the crime, we conclude that there was sufficient mitigating evidence to provide a reasonable basis for a life recommendation.
We quash the death penalty and remand with directions that the trial court impose a sentence of life imprisonment without parole for twenty-five years from the date of the original sentencing. This sentence may be concurrent with or consecutive to Buford's life sentence for sexual battery.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
EHRLICH, J., concurs with an opinion, in which GRIMES, J., concurs.
EHRLICH, Justice, concurring.
This Court vacated the sentence of death imposed on the defendant for conviction of sexual battery and ordered that defendant, for the crime of sexual battery upon a child under eleven years of age, be imprisoned for life with no eligibility for parole during the first twenty-five years. Defendant was also adjudged guilty of burglary with intent to commit a sexual battery and sentenced to a term of years. Buford v. State, 403 So.2d 943 (Fla. 1981), cert. denied, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982). This Court is vacating the death penalty for the conviction of homicide and remanding the cause with directions to the trial court to impose a sentence of life imprisonment without parole for twenty-five years from the date of the original sentencing. The trial judge has the authority pursuant to section 775.021(4)(a), Florida Statutes (1977), to order the sentences to be served concurrently or consecutively. Because the crimes for which defendant was convicted were truly horrible, it would be altogether just and fitting if the trial judge did in fact order all of the sentences imposed on defendant to be served consecutively. Society would thus have very little to fear that defendant would again trod the streets of our country.
GRIMES, J., concurs.
NOTES
[1] Buford had exhausted his state remedies. His petition for a writ of habeas corpus had been denied, Buford v. Wainwright, 428 So.2d 1389 (Fla.), cert. denied, 464 U.S. 956, 104 S.Ct. 372, 78 L.Ed.2d 331 (1983), and the denial of his motion for postconviction relief had been affirmed. Buford v. State, 492 So.2d 355 (Fla. 1986).
[2] Pursuant to Hitchcock v. Dugger, 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978).
[3] We recognize the anomaly that the jury did not hear the additional mitigating evidence which must also be considered in determining whether the life recommendation was reasonable.