LETTS, Judge,
dissenting.
This defendant was convicted of first degree murder as long ago as 1978 and he has been striving ever since, and up until now without success, to get the judgment of guilt overturned. After his direct appeal was affirmed in Sayan v. State, 381 So.2d 363 (Fla. 4th DCA 1980), the defendant turned his attention to collateral attacks. Included in his attempts are two habeas corpus proceedings in federal court and four Florida Rule of Criminal Procedure 3.850 proceedings in state court. None of these has been successful, until now.
The latest rule 3.850 motion in the trial court was based on newly discovered evidence and ineffective assistance of counsel. Both of these grounds have been raised before in earlier rule 3.850 proceedings before this court and I believe the Florida Supreme Court teaches us that a defendant may not raise claims on a piecemeal basis by filing successive motions. Jones v. State, 591 So.2d 911, 913 (Fla. 1991).
Moreover, only a rule 3.850 motion to vacate a sentence exceeding legal limits may be filed at any time. Otherwise, the rule bars filing, after January 1, 1987, in a case concluded before January 1, 1985, unless one of the following applies:
(1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
Fla.R.Crim.P. 3.850.
Here, one ground for the motion is said to be newly discovered evidence. I believe the evidence, consisting primarily of recantation of testimony by a witness, reasonably and upon due diligence could have been acquired prior to January 1, 1987. As the trial judge remarked: “This evidence is inherently unreliable, the witness either lying then or lying now.” See Mollica v. State, 374 So.2d 1022 (Fla. 2d DCA 1979). Movant’s other ground, ineffective assistance of counsel because of counsel’s poor emotional state at the time of trial, ought to have been apparent to movant at that time.
*1239 This case has dragged through the courts for over fourteen years and I see no reason to perpetuate it. Moreover, looking down the road, the majority opinion appears to cast doubt on the efficacy of any verdict involving an Allen charge. I cannot agree with that.