ORDER ON MOTION TO DISMISS APPEAL

HAZOURI, J.
After the state had presented its rebuttal witness, the trial court sua sponte dismissed charges against the appellee due to the lack of credibility of the state’s witnesses. The state is appealing that order arguing the trial court was without authority to dismiss the charges. Appellee has moved to dismiss on the ground that any error in dismissing the charges is moot because, having been placed in jeopardy, he cannot be retried. We grant the motion and dismiss the appeal.
Kevin Bell (Bell) was charged by information with robbery pursuant to sections 812.13(1) and (2)(c) of the Florida Statutes (1997). Bell proceeded to trial by jury. At the close of the state’s case in chief, Bell moved for judgment of acquittal which was denied. Thereafter, Bell testified in his own defense. His version of the events leading to his arrest contradicted the testimony of the victim Cynthia Whitfield (Whitfield). In addition to contradicting Whitfield’s testimony, Bell testified that he had paid Whitfield $1,250.00 in exchange *620 for her promise not to testify against him and that it was Whitfield who had demanded the payment. At the close of Bell’s case, he renewed his motion for judgment of acquittal, which was denied.
The state called Whitfield in rebuttal. She denied promising not to testify against Bell although she acknowledged that she did receive, at the insistence of Bell and his girlfriend, $1,250.00 which she described as Bell’s efforts to make restitution. Whitfield further testified that she told Bell she would not change her testimony but if asked she would be willing to let “bygones be bygones.” At this point in the proceedings, without any cross-examination of Whitfield and without any motion by Bell, the trial court sua sponte dismissed the charges against Bell due to the lack of credibility of the state’s witnesses.
On a motion to dismiss, the trial court should not decide factual issues, determine the weight to be given to conflicting evidence or assess credibility of witnesses. See State v. Cohen, 696 So.2d 435 (Fla. 4th DCA 1997); State v. Hart, 677 So.2d 385 (Fla. 4th DCA 1996); State v. Jones, 642 So.2d 804 (Fla. 5th DCA 1994). The trial transcript reveals considerable conflict in the testimony but there was more than sufficient evidence presented by the state to convict Bell for the crime as charged. Dismissing charges after jeopardy had attached deprived the state of its right to prosecute Bell and also has deprived it of appellate review.
The state argues that our holding in State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980), mandates that the trial court’s sua sponte dismissal was erroneous and subject to appellate review because Florida Rule of Criminal Procedure 3.190 requires that a motion to dismiss must be in writing, sworn to and signed by the defendant or his attorney and the state must be given an opportunity to traverse or demur to the motion to dismiss. Since that did not occur in the instant case, the trial court was without authority to dismiss the criminal charge and, therefore, jeopardy did not attach.
The state’s reliance upon Sherrod is misplaced. In Sherrod, the defendant was charged with possession of cocaine, and after two jury trials resulted in mistrials, the trial court entered an order on its own motion that the charges against the defendant were dismissed with prejudice. In Sherrod, we held that the trial court was without authority to enter the order of dismissal and the defendant was subject to a retrial. The distinguishing factor between the instant case and Sherrod is that in Sherrod jeopardy had not attached. It is well settled that after a mistrial, a case stands as if it had never been tried and the defendant is subject to being tried again on the same charges. See Sayan v. State, 381 So.2d 363 (Fla. 4th DCA 1980). Unlike Sherrod which involved a mistrial, the trial court in the instant case dismissed charges against Bell while the trial was still in progress. Clearly jeopardy had attached. See Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975); State v. Livingston, 681 So.2d 762 (Fla. 2d DCA 1996); State v. Lanier, 205 So.2d 671 (Fla. 2d DCA 1968). Since jeopardy had attached, Bell is not subject to retrial.
Although we are compelled to dismiss the appeal, we are deeply concerned about the trial judge’s conduct and course of action in this matter. After hearing testimony in the state’s rebuttal case, the trial judge called a bench conference in which she admonished the assistant state attorney for continuing to prosecute the case. The following colloquy occurred at the bench conference:
The Court: I’m so embarrassed in front of the jury. Have you seen the looks on their faces, State? Why is the State going forward with this? Why did the State ever go forward with this? Why didn’t the State abandon prosecution like they should do? Why don’t you do that right now and save us any more embarrassment?
*621 [[Image here]]
State: I don’t want to respond to that at this point. I mean the fact that I had, you know -
The Court: You don’t want to abandoned [sic] prosecution at this point?
State: I would like the jury to make a decision in this case, Your Honor. I still believe that she was robbed.
The Court: I think you better call the supervisor. I’m going to send this jury out.
* * *
The Court: I’m going to give the State time to consult with the supervisor. It is my opinion the prosecution in this case should be abandoned. I can’t make the State do that. However, I do want you to spend this time consulting with a supervisor about what the right thing to do is in this case. I’m going to be in recess until 2:30.
The trial court recessed the proceedings requiring the assistant state attorney to immediately contact a supervisor “about the right thing to do is in this case.” Upon resuming the proceedings, the following colloquy took place:
State: Your Honor, I have spoken to [my supervisor] and I believe that I have given him all the relevant information and he believes it’s a credibility issue and that we should go forward and let the jury make the decision.
The Court: [Your supervisor] is an idiot and I am going to dismiss the case.
At a time when our supreme court is making a concerted effort to foster professionalism within the bar, it is indeed unfortunate that the trial judge would address the state in this manner. The trial judge’s conduct not only exceeded her authority which resulted in terminating the state’s right to prosecute its case, but also evidenced a lack of appropriate judicial temperament.
WARNER, C.J., and STONE, J., concur.