PER CURIAM.
The state charged appellee, Andre Ca-lixte, in a five-count information with: 1) possession of cannabis with intent to deliver/sell; 2) grand theft of a motor vehicle; 3) burglary of a conveyance; 4) possession of burglary tools; ■ and 5) possession of drug paraphernalia. Calixte was arrested after a traffic stop revealed that the car was stolen, drugs and paraphernalia were found in the car, and appellee possessed a “Toyota master key.”
Without negotiating a plea bargain with the state, Calixte entered a plea of no contest to all five charges to the court. Not convinced that the master key was a burglary tool, the trial court accepted the plea and sentenced the appellee on four counts, but “acquitted” Calixte of the burglary tools charge. The state preserved its objection to the “acquittal.” This case concerns only the state’s appeal of the dismissal of the burglary tool charge. The state does not challenge the disposition of the other four counts.
Although the trial court used the term “acquittal,” the order is properly treated as an order dismissing a count of an information which the state may appeal under Florida Rule of Appellate Procedure 9.140(c)(1)(A). See State v. Gaines, 770 So.2d 1221, 1226 n. 5 (Fla.2000); State v. Sherrod, 383 So.2d 752, 753 (Fla. 4th DCA 1980). At the plea conference, the trial court was without the authority to enter a dismissal without the consent of the state based on its belief that the master key was not a burglary tool within the meaning of the statute. The proper procedural mechanism for resolving such an issue is a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4).
The dismissal of the possession of burglary tools charge is reversed.
GROSS and MAY, JJ., and DAMOORGIAN, DORIAN, Associate Judge, concur.