838 So.2d 639 (2003)
Travis Alonzo FLEMMINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1612.
District Court of Appeal of Florida, Fifth District.
February 28, 2003.
*640 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Flemmings was convicted of first degree murder and robbery as a result of his participation in a killing committed by his cofelon, Santiago. Although the evidence adduced at trial was sufficient to support the convictions, there was ample evidence to warrant giving the independent act instruction.[1] Specifically, the jury heard two police interviews with Flemmings in which he maintained he knew nothing about a plan to rob the victim. He also testified to the same at trial. Even the state's key witness implicating Flemmings, John Polanco, did so only in his seventh interview with police after he had struck a deal for his testimony. In his first six interviews, Polanco maintained there was no plan to rob the victim. Instead, consistent with Flemmings' testimony, Polanco told police the group merely sought to buy drugs from the victim and that Flemmings was surprised when Santiago shot the victim. All this evidence was placed before the jury. Any of it would have warranted the independent act instruction. "Where any evidence which would support the theory of independent act has been presented, the defendant is entitled to the jury instruction." Parker v. State, 458 So.2d 750, 752 (Fla.1984); Barfield v. State, 762 So.2d 564 (Fla. 5th DCA 2000). See also McGee v. State, 792 So.2d 624 (Fla. 4th DCA 2001). Accordingly, we reluctantly reverse and remand for a new trial.
REVERSED AND REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] See Fla. Std. Jury Instr. (Crim.) 3.04(h).