26 So.3d 685 (2010)
Brian HARVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2221.
District Court of Appeal of Florida, Fifth District.
January 29, 2010.
*686 F.W. Blankner, Jr., of Jaeger & Blankner, Orlando, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Brian Harvey (defendant) appeals his judgment and sentence which were entered by the trial court on his first-degree felony murder conviction. Determining that the trial court committed harmful error in refusing to give the defendant's requested jury instruction, we reverse.
Mitchell Weiner was killed during the course of a robbery which occurred in connection with an attempted drug purchase. At trial, the State established that the defendant, along with two other men, discussed engaging in an alleged drug transaction with Weiner. The defendant testified that he attempted to arrange the drug transaction, but that he had no intention of participating in any robbery, and that the robbery and the murder of Weiner were both outside the original plan of selling marijuana.
*687 The defendant requested an instruction on the independent act doctrine which arises
when one cofelon, who previously participated in a common plan, does not participate in the acts committed by his cofelon, `which fall outside of, and are foreign to, the common design of the original collaboration'.... Under these limited circumstances, a defendant whose cofelon exceeds the scope of the original plan is exonerated from any punishment imposed as a result of the independent act.... Where, however, the defendant was a willing participant in the underlying felony and the murder resulted from forces which they set in motion, no independent act instruction is appropriate.
Ray v. State, 755 So.2d 604, 609 (Fla.2000). The trial court denied this request.[1] The defendant argues that the trial court erred in so ruling. We agree.
"[W]here there is evidence from which a jury could determine the acts of the co-felon resulting in murder were independent from the underlying felony, a defendant is entitled to an independent act instruction." McGee v. State, 792 So.2d 624, 626 (Fla. 4th DCA 2001) (citing Bryant v. State, 412 So.2d 347 (Fla.1982)).
In Bryant, the victim was subjected to a burglary, a robbery, and a sexual battery. The Supreme Court concluded that, even though the defendant participated in the robbery, the jury could have concluded that his co-felons exceeded the scope of the original plan in committing the sexual battery. As such, the Court held that the defendant was entitled to receive an instruction on the independent act doctrine.
Similarly, in Flemmings v. State, 838 So.2d 639 (Fla. 5th DCA 2003), the defendant was convicted of robbery and first-degree murder after his co-felon killed the robbery victim. The defendant argued that he was entitled to receive the independent act doctrine instruction because there was evidence adduced at trial which supported his contention that he did not know about the plan to rob the victim. This court held that, although the evidence at trial was sufficient to support the convictions, the trial court erred in refusing to give the instruction.
This case is factually similar to Flemmings. The defendant testified that he only intended to participate in the sale of marijuana, and that the robbery and resulting murder were independent acts of his co-felons. The defendant maintained that position during his police interviews and throughout the trial. Also, there was testimony by multiple witnesses, including witnesses for the State, that the defendant called looking for a pound of marijuana for Weiner. While the evidence presented was sufficient to convict the defendant as charged, evidence was presented which supported the defendant's theory that the robbery, and thus the murder, were independent acts from the original plan to sell the marijuana. As such, an instruction on the independent act doctrine should have been given.
The State contends that, even if the trial court erred in refusing to give the requested instruction, it was harmless error. The burden is on the State to "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error *688 contributed to the conviction." State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)(citing Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). The State has not sustained this burden of proof.
Accordingly, we reverse the defendant's convictions and remand for a new trial.
REVERSED and REMANDED.
SAWAYA, J., concurs.
COHEN, J., concurs specially with opinion.
COHEN, J., concurring specially.
I concur in the reversal. See Senior v. State, ___ So.3d ___ (Fla. 5th DCA 2010) (Cohen, J., concurring specially).
NOTES
[1] It is understandable that the trial court did not give the jury instruction as requested by the defendant since defense counsel failed to cite any legal authority supporting the request.