563 So.2d 188 (1990)
STATE of Florida, Appellant,
v.
Charles STEVENS, Appellee.
No. 89-2819.
District Court of Appeal of Florida, First District.
June 21, 1990.
Rehearing Denied July 23, 1990.
*189 Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., for appellant.
Alvin L. Peters of McCauley & Peters, Panama City, for appellee.

ORDER ON APPELLEE'S MOTION TO DISMISS
PER CURIAM.
Charles Stevens, appellee, was indicted for first-degree murder and robbery. Thereafter he filed a motion to suppress statements made to police on July 8 and 9, 1988. A hearing was held on the motions and testimony was presented. The trial court did not rule, however, until after the trial had commenced and further evidence presented. The motion to suppress was granted. The defense then moved for mistrial and, while the remarks of counsel are not entirely clear, the motion was apparently based on the fact that certain statements which were suppressed had already been heard by the jury in the testimony of an investigating officer. The prosecution expressed no objection to mistrial and the motion was granted. The state then timely filed a notice of appeal.
Stevens has moved to dismiss this appeal for lack of jurisdiction contending that this is not an order "[s]uppressing before trial confessions, admissions or evidence obtained by search and seizure," see Rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure. Appellee's position, simply stated, is that the order was rendered during trial, not before it, and therefore the order is not one for which review is authorized. Appellant responds and relies on Savoie v. State, 422 So.2d 308 (Fla. 1982). Although Savoie involved an appeal by a defendant of a denial of a motion to suppress made during trial, the court in discussing the proper procedures noted that a consideration for the trial court in deciding whether to entertain such a motion was the state's right to obtain review of a pre-trial suppression order. In a footnote it was stated "[t]he state could retain the right to appeal if the defendant consented, prior to the hearing on the motion, to a mistrial in the event trial court suppresses the evidence." Id. at 312 n. 1. Appellant acknowledges that this is dicta and that the facts here are somewhat distinguishable in that defendant did not consent to a mistrial prior to the ruling. Nevertheless, it argues that because Stevens now awaits trial, the order is, in effect, pre-trial for purposes of the rule under the rationale of Savoie.
We agree. We see no logical reason that the outcome should hinge on whether the defendant consents to a mistrial prior to the ruling or whether he moves for mistrial after the motion has been granted, and therefore we find the reasoning of Savoie controlling.
Although the issue is not squarely before us, this does not appear to be a case where the mistrial was the result of judicial or prosecutorial overreaching and thus a retrial is possible, see Bell v. State, 413 So.2d 1292 (Fla. 5th DCA 1982). Technically the case below is in a pre-trial posture and we believe this to be the rationale of the footnote quoted above from Savoie. A fair reading of the footnote is that by obtaining the defendant's consent to a mistrial prior to ruling on the merits of the motion to suppress, the trial court could overcome the objections of the state regarding loss of right to appellate review resulting from the defense's waiting until trial to make the motion. Here the decision to delay a ruling *190 was apparently made by the trial court, but the conclusion made in Savoie footnote, that the granting of a motion to suppress followed by mistrial results in an order appealable under Rule 9.140(c)(1)(B), would nevertheless apply. In reaching this conclusion, however, we caution prosecuting authorities to diligently seek pre-trial rulings on pre-trial motions to suppress, for in the absence of a mistrial the right to appellate review will most likely be lost where a ruling is deferred.
Because this appears to be a question of first impression and because our holding is based on language in a footnote that is clearly dicta, we certify to the Supreme Court of Florida that the jurisdictional issue presented in this case is a question of great public importance.
NIMMONS, J., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
I respectfully dissent. I cannot agree with the majority that the cryptic language in Savoie v. State, 422 So.2d 308, 312 n. 1 (Fla. 1982), which was clearly obiter dictum and unnecessary to the holding in that case, can be used as a basis for enlarging the jurisdictional grounds for appeals permitted by the state pursuant to Florida Rule of Appellate Procedure 9.140(c)(1). I find it difficult to believe that in making such statement, the supreme court intended to modify the long-standing rule recognizing that appellate jurisdiction cannot be conferred by the consent or stipulation of the parties. See, e.g., Darden v. Lines, 2 Fla. 569 (1849); Palmer v. Gulf Fertilizer Co., 127 Fla. 61, 172 So. 488 (1937); Cates v. Heffernan, 154 Fla. 422, 18 So.2d 11 (1944).
Nevertheless, if such was the court's intention in Savoie, the specific language relied on by the majority has no applicability to the instant case, because the facts therein are altogether dissimilar from those at bar. The issue to which the statement in Savoie was directed was whether an appellate court could properly consider a trial court's order denying a motion to suppress, when the trial court had inconsistently stated that the motion was denied, both because it had been considered on its merits, and because the defendant had waived his right to have the motion entertained by failing to file the motion before trial. The supreme court held that once the trial court made the decision to hear the motion on its merits during trial, the issue of waiver was no longer before the court. Savoie, 422 So.2d at 312. Moreover, the point that was decided was brought to the court not by the state, but by the defendant. Consequently there was no question relating to the state's right to appeal from an order suppressing evidence.
If the supreme court's isolated statement in Savoie can be considered a modification of its regularly adopted rule, then I consider that this court, which enjoys no similar rule-making authority, must be content with the express language used in Savoie, and the limited application described therein. Therefore, Savoie only authorizes the state to appeal when a defendant has delayed filing a motion to suppress until after a trial has commenced, and the court has conditioned a hearing on such motion upon the defendant's consent to the entry of a mistrial in the event the trial court grants the motion. This modified rule does not apply to the facts at bar.
I think it important to iterate the nature of the appeal before us. The notice of appeal is directed to an order entered during the trial of the case, as to a motion filed before trial, in which the court suppressed certain confessions and admissions the defendant had made to law enforcement officers. It is not addressed to the order granting the motion for mistrial, to which the state had no objection.[1] As such, the order appealed certainly cannot be considered *191 the functional equivalent of an order granting a motion for new trial, appealable pursuant to rule 9.140(c)(1)(C). Cf. State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983) (order granting motion for judgment of acquittal was functional equivalent of order arresting judgment, appealable under 9.140(c)(1)(D)), review denied, 450 So.2d 486 (Fla. 1984).
The state can of course appeal, pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B), an order suppressing a defendant's statement which arose from either a pretrial motion to dismiss or a motion in limine. State v. Palmore, 495 So.2d 1170 (Fla. 1986). It may also appeal a pretrial order suppressing the admissions of a coconspirator pursuant to subsection (c)(1)(B). State v. Brea, 530 So.2d 924 (Fla. 1988). Nevertheless, the court has consistently declined to broaden the specific language of subsection (c)(1)(B). See, e.g., McPhadder v. State, 475 So.2d 1215 (Fla. 1985) (dismissing appeal because pretrial order sought to be reviewed was not one suppressing confessions, admissions, or evidence obtained by search and seizure). See also State v. Jones, 488 So.2d 527 (Fla. 1986); State v. Creighton, 469 So.2d 735 (Fla. 1985) (both holding that state's right to appeal in criminal cases is dependent on statute and is strictly construed). In the instant case, because the order sought to be reviewed is not one entered pretrial, but rather is one entered after trial had been commenced, rule 9.140(c)(1)(B) cannot be used as a jurisdictional basis for the state's appeal.
The court has, however, recognized a distinction between final orders of dismissal from which the state has no statutory right of appeal, and pretrial, nonfinal orders which may be reviewable by petitions for common law certiorari. Wilson v. State, 520 So.2d 566 (Fla. 1988); State v. Pettis, 520 So.2d 250 (Fla. 1988). Even if the Pettis-Wilson rule were conceivably applicable to orders entered during trials, thereby permitting certiorari review of orders that are not subject to direct appeal by the state, the rule in my judgment cannot be extended to the particular facts at bar. Pettis, in permitting the state the remedy of common law certiorari to seek review of pretrial, nonfinal orders, was concerned that if such review were not made available by certiorari, the state would have no opportunity to appeal an erroneous order that might be highly prejudicial to its case. Here, the state was clearly accorded the right to appeal by rule 9.140(c)(1)(B), and it could have requested the trial court to act on the pending pretrial motion to suppress before trial commenced, but it did not.[2] If the trial court had refused to dispose of the motion to suppress before trial, over the state's objection, certiorari might be an appropriate remedy. Given the fact, however, that the state apparently acquiesced in the court's decision to defer ruling on the defendant's motion to suppress until trial, the court's order of suppression is obviously not the type of order to which the extraordinary writ should be extended for the simple reason that there has been no "violation of a clearly established principle of law resulting in a miscarriage of justice." Combs v. State, 436 So.2d 93, 96 (Fla. 1983). I would therefore dismiss this appeal.
NOTES
[1] Even if the notice of appeal had referred to the order granting mistrial, any such order entered before a jury's verdict is not appealable by either party, although it may be appealed if entered after the verdict, on the theory that it is the equivalent of an order granting new trial. Gore v. Hansen, 59 So.2d 538 (Fla. 1952); Sponenberg v. Harold S. Strasser, M.D., P.A., 504 So.2d 64 (Fla. 4th DCA 1987).
[2] Compare the facts at bar with those in State v. M.G., 550 So.2d 1122 (Fla. 3d DCA), review denied, 551 So.2d 462 (Fla. 1989), in which the Third District permitted the state to seek review of an order suppressing evidence in a juvenile proceeding by certiorari, because the appellate rules did not allow appeals of suppression orders in such proceedings.