659 So.2d 1287 (1995)
Buddy Ray WYKLE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1042.
District Court of Appeal of Florida, Fifth District.
September 1, 1995.
*1288 Russell E. Crawford, Orlando, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven J. Guardiano, Sr. Assistant Attorney General, Daytona Beach, for appellee.
THOMPSON, Judge.
Buddy Ray Wykle was charged by an amended information with 10 counts of sexual acts committed upon L.C., a child under the age of 12. Wykle was tried by a jury and convicted of eight counts; the trial court entered judgments of acquittal as to two counts. On appeal from his convictions, Wykle contends: 1) that the trial court improperly admitted L.C.'s hearsay statements about the sexual acts; 2) that the trial court abused its discretion when it failed to rule on Wykle's motion to suppress evidence; and 3) that the trial court erred when it denied Wykle's motion for a judgment of acquittal as to count I of the amended information. We affirm Wykle's convictions.
Prior to trial, the state served notice that it sought to introduce L.C.'s hearsay statements pursuant to section 90.803(23), Florida Statutes (1991). An in limine hearing was held where L.C.'s mother and two officers who investigated the crimes against L.C. testified to L.C.'s statements about the acts Wykle committed against her. L.C. also testified to the dates and the acts Wykle committed against her. Wykle's attorney never objected to the state's assertions regarding the consistency and reliability of these statements. The trial court ruled that the witnesses' hearsay testimony was admissible, finding that the statements met the requirements of the statute that the "time, content, and circumstances of the statement[s] provide sufficient safeguards of reliability." See § 90.803(23)(a)(1), Fla. Stat. (1991). The trial court further found that L.C. was available and subject to cross-examination and, therefore, that any inconsistencies between the hearsay statements and L.C.'s testimony could be addressed at trial. See Belcher v. State, 646 So.2d 231 (Fla. 5th DCA 1994); see also Pardo v. State, 596 So.2d 665 (Fla. 1992); § 90.801, Fla. Stat. (1991).
Wykle first contends that the trial court erred in admitting L.C.'s hearsay statements because the state failed to demonstrate *1289 the reliability of the statements and, further, because the trial court failed to make the findings required by section 90.803(23)(c). The general rule is that an appellate court will not consider an issue unless a contemporaneous objection to the alleged error was raised below or unless the error was fundamental. Washington v. State, 510 So.2d 355 (Fla. 2d DCA 1987). Here, Wykle failed to raise a contemporaneous objection below based on these arguments, and the alleged error is not fundamental. See State v. Townsend, 635 So.2d 949 (Fla. 1994). Accordingly, Wykle failed to preserve for appellate review the issue of the admissibility of L.C.'s hearsay statements.[1]
Wykle's second argument is that the trial court erred when it failed to rule on his motion to suppress evidence seized from his home. The police obtained a search warrant for Wykle's home and recovered clothing, a photograph of Wykle's bedroom, and a videotape box which were consistent with L.C.'s testimony. A careful reading of the record on appeal reveals that Wykle never made a motion to suppress or requested a suppression hearing before or during trial. When the state sought to introduce the evidence at trial, Wykle's attorney objected on the ground that a valid search had not been established. After determining that Wykle's attorney had not filed a pre-trial motion to suppress, the trial court offered him the opportunity to voir dire the officer. Wykle's attorney stated that he instead would cover the issue on cross-examination. Wykle's attorney cross-examined the officer at length about the search. After completing his cross-examination, however, Wykle's attorney never moved to suppress the evidence, nor did he renew his objection to the admission of the evidence. Inasmuch as Wykle failed to file a pre-trial motion to suppress or to properly raise the suppression issue at trial, the trial court did not err in overruling Wykle's objections to the introduction of the exhibits into evidence. See Fla.R.Crim.P. 3.190(h)(4).
Wykle's final argument on appeal is that the trial court erred in denying his motion for a judgment of acquittal as to count I of the amended information. Count I originally charged Wykle with committing a sexual battery upon L.C. in violation of section 794.011(2), Florida Statutes (1991), between the dates of 1 July 1991 and 31 August 1991. At trial, however, L.C. testified that the sexual battery charged in count I occurred between 1 March 1993 and 31 March 1993. After her testimony at trial, the state was permitted to amend the information to read that the sexual battery occurred between 20 July 1992 and 31 October 1992, but these dates still did not conform to L.C.'s trial testimony. On appeal, therefore, Wykle argues that the state failed to prove the sexual battery charged in count I, as amended, and that a judgment of acquittal should have been entered because the dates alleged were not supported by the testimony adduced at trial. We disagree.
There may be a variance between the dates alleged in the charging instrument and the dates proven at trial. Tingley v. State, 549 So.2d 649, 650-51 (Fla. 1989). Such a variance will be permitted "as long as: (1) the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither surprised nor hampered in preparing [the] defense." Id. at 651. Because of the extended time period covered by the diverse counts in the amended information, conditions (1) and (2) have been met. As to condition (3), the trial court specifically asked Wykle's trial counsel what surprise or prejudice, if any, Wykle suffered because of the variance. Trial counsel failed to articulate any prejudice, even though asked several times by the court.[2] Accordingly, we affirm Wykle's conviction for count I, as well as Wykle's other convictions.
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.
NOTES
[1] We recognize that the appellate attorney was not the trial attorney.
[2] This failure is not surprising because the information spanned 32 months, inclusive of the amended dates. Moreover, we note that Wykle's trial attorney filed a motion for a bill of particulars prior to trial; however, he never set this motion for hearing, but instead elected to file a demand for speedy trial.