681 So.2d 762 (1996)
STATE of Florida, Appellant,
v.
Ronald LIVINGSTON, Appellee.
No. 94-02597.
District Court of Appeal of Florida, Second District.
September 11, 1996.
Rehearing Denied October 7, 1996.
*763 Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
The state appeals an order granting two motions to suppress filed by the appellee, Ronald Livingston. Although we agree with the state's contention that the trial court erred in granting these motions on the merits, we must require that the appellee be discharged on the charge filed against him because the court erred in declaring a mistrial.
The appellee was charged with possession of cocaine, in violation of section 893.13, Florida Statutes (1993). Immediately prior to jury selection, the parties apparently informed the trial court that the appellee had filed a motion to suppress the evidence that was allegedly unlawfully seized from the appellee and a motion to suppress the statements made by the appellee that were allegedly not freely and voluntarily given. The parties and the court agreed to proceed with jury selection and to have the motions heard prior to the presentation of opening statements. After the jury was sworn and dismissed for the day, the court heard the appellee's motions to suppress.
During the motion to suppress hearing, Officer Stiff testified that at about 7:30 p.m. on the night in question, he observed with binoculars a black male hand cash to the appellee and then the appellee hand the individual back an object, which he stated was consistent with a narcotics transaction that commonly took place in that area. He radioed Officers Lyons and Graham and advised them that he had just observed a hand-to-hand transaction between two black males.
Officer Lyons testified that within a minute of receiving the information, he and Officer Graham encountered the appellee. He stated that they were wearing police uniforms and were in an unmarked car that did not have the emergency equipment activated. The officers never drew their firearms and merely got out without blocking the path of the appellee who was walking in their direction. Officer Lyons stated to the appellee: "[W]e got some information you're selling dope. You aren't dealing dope, are you?" The appellee responded: "[N]ope, I ain't selling dope," and "what I got are these and *764 they're not real." The appellee handed Officer Lyons a tube containing what he suspected was rock cocaine. The appellee stated that he did not think that selling "fake" or "dreams" was illegal. Officer Lyons then conducted a search of the appellee but did not find anything illegal. A presumptive field test on the rocks that were found in the tube resulted in a weak response or none at all and the officers decided not to arrest the appellee at that time.
Officer Lyons did not think that the appellee was in fear since the officers were conducting a normal conversation with him and the encounter only lasted five minutes. However, the appellee was not read his Miranda rights nor was the appellee told that he was free to leave. The appellee was arrested on a later date after the evidence was tested and determined to be cocaine.
The trial court granted the appellee's motions to suppress and subsequently granted a mistrial. The state filed a timely notice of appeal.
Although our final disposition of the matter makes our determination of the matter moot, we agree with the state's contention that the trial court erred by granting the appellee's motions to suppress because the stop was merely a consensual encounter and not an improper stop and illegal seizure.
A consensual encounter involves only minimal police contact but no seizure and therefore does not intrude on any constitutionally protected interest under the Fourth Amendment. State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). In determining whether there has been a consensual encounter, a court must consider all of the circumstances surrounding the encounter to determine whether conduct of police officers "would have communicated to a reasonable person that the person was not free to decline the officers' request or otherwise terminate the encounter." Jones v. State, 658 So.2d 178 (Fla. 1st DCA 1995), citing Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Further, while most citizens respond to a police request, the fact that they do so without being told they are free not to respond does not eliminate the consensual nature of their response. Simons, 549 So.2d at 787.
The facts of the instant case indicate that a reasonable person would have felt that he was free to leave and that it was therefore a consensual encounter. As in Jones, the officers in the instant case did not display a badge or a gun, order the appellee to stop, handcuff him, use language or a tone of voice indicating that compliance would be compelled, nor was there any indication that the encounter became threatening in any manner. The only testimony presented was that the appellee voluntarily answered the officers' questions and handed over the drugs. Therefore, the fact that the appellee voluntarily displayed the drugs was not the product of an unlawful stop and the trial court erred in suppressing the evidence and statements.
If the appellee had requested or consented to a mistrial after the court granted his motions to suppress, we would at this point reverse and remand for further proceedings. State v. Stevens, 563 So.2d 188 (Fla. 1st DCA 1990). See also Savoie v. State, 422 So.2d 308 (Fla.1982). However, since the appellee did not move for, or consent to, a mistrial, and the mistrial was improperly granted without any fault that can be attributed to the appellee, and after jeopardy had attached, the appellee must be discharged.
As mentioned above, the appellee, prior to trial, filed a motion to suppress evidence and a motion to suppress certain statements. Pursuant to an agreement by all concerned, these motions were not heard until the jury was sworn. Although the rules of procedure require that a motion to suppress either evidence or statements be filed prior to trial unless an opportunity therefor did not exist or the accused was not aware of the grounds for the motion, the court may entertain the motion or an appropriate objection at trial. Fla. R.Crim. P. 3.190(h)(4) and (i)(2).
These rules are designed to avoid the problems and delays caused when a trial judge must interrupt the trial, remove the jury, and hear evidence and argument on a motion to suppress that could, in most cases, *765 have been easily disposed of prior to trial. Savoie, 422 So.2d at 311. Furthermore, when the rule is complied with the state is afforded an opportunity to appeal the ruling in the event the evidence is suppressed, but when the judge rules at trial to suppress evidence, the state is foreclosed from appealing that decision unless the defendant moves for a mistrial, consents to one, or by his conduct causes one. See Savoie. See also Thomason v. State, 620 So.2d 1234 (Fla. 1993); Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). In this case, jeopardy attached when the jury was sworn, and since none of these circumstances are present in the record presented to us, the state lost its right to prosecute the appellee any further when the court declared a mistrial. See Savoie. See also Weir v. State, 591 So.2d 593 (Fla.1991).
We, accordingly, reverse and remand with instructions to discharge the appellee in this case.
Reversed and remanded with instructions.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.