731 So.2d 7 (1999)
STATE of Florida, Appellant,
v.
Larry Lamar GAINES, Appellee.
No. 98-2789.
District Court of Appeal of Florida, Fourth District.
January 6, 1999.
Opinion Denying Rehearing, March 31, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, for appellant.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public Defender, West Palm Beach, for appellee.

ORDER ON MOTION TO DISMISS APPEAL
KLEIN, J.
After the state presented its case, appellee moved for the first time to suppress evidence on the ground it was illegally obtained. The trial court granted the motion, and after the state announced that it had no other evidence on which it could prove its case, the trial court entered an *8 order dismissing[1] the case. The state is appealing that order, arguing that the trial court erred in suppressing the evidence. Appellee has moved to dismiss the appeal on the ground that any error in the suppression is moot because, having been in jeopardy, he cannot be retried. We grant the motion.
Florida Rule of Criminal Procedure 3.190(h)(4) provides:

Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
As our supreme court explained in Savoie v. State, 422 So.2d 308, 312 (Fla. 1982):
In exercising the discretionary authority granted by the rule to decide whether to hear a motion to suppress made during the course of a trial, the judge must balance the rights of the defendant to due process and effective assistance of counsel with the rights of the state to have an opportunity to appeal an adverse ruling on the motion to suppress.1
1 The state could retain the right to appeal if the defendant consented, prior to the hearing on the motion, to a mistrial in the event the trial court suppresses the evidence.
When the court grants a motion to suppress prior to trial, the state may appeal. Rule 9.140(c)(1)(B). When the motion to suppress or objection to evidence is granted during the trial, however, the state is foreclosed from appealing because of double jeopardy. Savoie and State v. Livingston, 681 So.2d 762 (Fla. 2d DCA 1996).
It appears from reading the transcript in this case that the state was not aware, when the trial court agreed to hear the motion to suppress during trial, that the state would be foreclosed from taking an appeal if the court granted the motion to suppress. If the state had wanted to preserve its right to take an appeal, it should have argued to the trial court that it should exercise its discretion not to consider the motion to suppress unless the defendant would agree to a mistrial, in the event the motion was granted.
The third district explained in State v. Zamora, 538 So.2d 95, 96 (Fla. 3d DCA 1989) that:
[W]here a mistrial is granted at the defendant's request, reprosecution is not barred on double jeopardy grounds absent a showing of intentional prosecutorial bad faith or judicial conduct designed to produce the mistrial. Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); Keen v. State, 504 So.2d 396 (Fla. 1987); State v. Hutchens, 517 So.2d 27 (Fla. 3d DCA 1987).
In State v. Stevens, 563 So.2d 188, 189 (Fla. 1st DCA 1990), the court construed footnote one in Savoie, which we quoted above, as follows:
A fair reading of the footnote is that by obtaining the defendant's consent to a mistrial prior to ruling on the merits of the motion to suppress, the trial court could overcome the objections of the state regarding loss of right to appellate review resulting from the defense's waiting until trial to make the motion.
In the present case, the suppression was not conditioned on the defendant agreeing to a mistrial, and we thus have no alternative but to dismiss the appeal.
DELL and GUNTHER, JJ., concur.

ON MOTION FOR REHEARING
KLEIN, J.
The state's motion for rehearing raises, for the first time, section 924.07(1)(l), Florida Statutes (1997), which provides *9 that the state may appeal "an order or ruling suppressing evidence or evidence in limine at trial."
Although we do not normally address issues raised for the first time on motions for rehearing, we do so in this case because of the confusion which may be engendered by this statute. The provision, which became effective in 1993, violates Article V, § 4(b)(1) of the Florida Constitution, which vests exclusive power in our supreme court to authorize non-final appeals. It provides:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court. [emphasis added]
There is nothing in the Florida Constitution which authorizes the legislature to allow review of non-final orders by district courts of appeal. Accordingly, section 924.07(1)(l) is unconstitutional.[1]State v. Smith, 260 So.2d 489 (Fla. 1972)(holding a provision authorizing non-final appeals by the state in the same statute unconstitutional). The motion for rehearing is denied.[2]
DELL and GUNTHER, JJ., concur.
NOTES
[1] There is no provision in our rules for a dismissal under these circumstances. This order should have granted defendant's motion for judgment of acquittal.
[1] Both sections 924.07 and 924.071 contain provisions, other than the one on which the state relies in this case, which also purport to authorize the appeal of non-final orders. This creates confusion, which is demonstrated by the fact that neither of the experienced appellate counsel in the present case appear to be aware of the fact that only our supreme court can authorize non-final appeals. Our supreme court has, in Florida Rule of Appellate Procedure 9.140, designated as appealable a number of the same non-final appeals which the legislature has tried to allow by statute, but not this one. The court has also authorized certiorari review of additional kinds of non-final orders in criminal cases. State v. Pettis, 520 So.2d 250 (Fla. 1988).
[2] Even if the statute were constitutional under the Florida Constitution, it would not help the state in this case, because the appellee was in jeopardy when the ruling was made, and another trial would violate the prohibition against double jeopardy.