770 So.2d 1221 (2000)
STATE of Florida, Appellant,
v.
Larry Lamar GAINES, Appellee.
No. SC95738.
Supreme Court of Florida.
November 2, 2000.
*1222 Robert A. Butterworth, Attorney General, Michael J. Neimand, Senior Assistant Attorney General, and Douglas J. Glaid, Assistant Attorney General, Fort Lauderdale, Florida, for Appellant.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public *1223 Defender, Fifteenth Judicial Circuit, West Palm Beach, Florida, for Appellee.
PARIENTE, J.
We have for review State v. Gaines, 731 So.2d 7 (Fla. 4th DCA 1999), in which the Fourth District Court of Appeal dismissed the State's appeal because it violated the constitutional prohibition against placing a defendant in double jeopardy and, on rehearing, declared section 924.07(1)(l), Florida Statutes (1997), unconstitutional. This Court has mandatory jurisdiction over decisions of district courts of appeal declaring a state statute unconstitutional. See art. V, § 3(b)(1), Fla. Const.
Because this statute expressly violates article V, section 4(b)(1) of the Florida Constitution, which vests exclusive power in this Court to authorize non-final appeals, we affirm the decision of the Fourth District. Further, regardless of whether the order the State seeks to appeal is deemed a "final" or "non-final" order, we agree with the Fourth District that the constitutional prohibition against double jeopardy would prevent the retrial of appellee, Larry Lamar Gaines.

PROCEDURAL BACKGROUND
The pertinent facts of this case are as follows. Gaines was charged with possession of cocaine with intent to sell. Gaines did not file a pretrial motion to suppress and the case proceeded to trial before a jury. However, at the conclusion of the State's case, Gaines moved for a judgment of acquittal and also moved to suppress the evidence of cocaine on the basis that it was illegally obtained. The trial court denied Gaines' motion for judgment of acquittal but granted Gaines' motion to suppress on the authority of Popple v. State, 626 So.2d 185 (Fla.1993). After the State announced that it had no other evidence to prove its case, the trial court entered an order dismissing the case against Gaines. The trial court's rulings denying Gaines' motion for judgment of acquittal, granting Gaines' motion to suppress and dismissing the case are all incorporated in one written order.
The State appealed the trial court's order, arguing that the trial court erred in suppressing the evidence. See Gaines, 731 So.2d at 8. Gaines filed a motion to dismiss the appeal "on the ground that any error in the suppression [was] moot because, having been in jeopardy, he cannot be retried." Id. On this basis, the Fourth District granted the motion to dismiss the appeal. See id.
After the Fourth District rejected the State's appeal on double jeopardy grounds, the State petitioned for rehearing, citing section 924.07(1)(l) as independent statutory authority for the appeal. Section 924.07(1)(l) provides that the State may appeal an "order or ruling suppressing evidence or evidence in limine at trial." In denying the State's motion for rehearing, the Fourth District held section 924.07(1)(l) unconstitutional, reasoning that "nothing in the Florida Constitution ... authorizes the legislature to allow review of non-final orders by district courts of appeal." Gaines, 731 So.2d at 9.
On appeal to this Court, the State argues that the Fourth District misconstrued the trial court's order suppressing the evidence as being a "non-final order." According to the State, when the trial court granted Gaines' motion to suppress and entered an order dismissing the drug charge, the State's case against Gaines had come to end. Thus, the State claims that the trial court's order suppressing evidence was not a non-final order, but rather a final order of suppression and dismissal, which can be appealed under section 924.07(1)(l).
We disagree with the State's characterization of the trial court's order suppressing evidence as a "final order." As this Court has held:
[T]he test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the *1224 judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.
S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). Therefore, an order or ruling suppressing evidence at trial is a non-final order because judicial labor is still required to effectuate a termination of the case. Cf. State v. Delvalle, 745 So.2d 541, 542 (Fla. 4th DCA 1999) (finding an order granting the defendant's rule 3.800(a) motion was not a final order where the defendant had not been resentenced and judicial labor was still required).
Specifically, in this case, when the trial court granted Gaines' motion to suppress during trial, the judicial labor did not come to an end because the criminal charge was still pending against Gaines. Only after the State announced that it had no other evidence to establish Gaines' guilt, did the trial court proceed to dismiss the charge. It was not until the trial court dismissed the charges against Gaines that the judicial labor came to an end. The fact that the order granting the motion to suppress was contained in the same written order as the order of dismissal does not convert the trial court's ruling on the motion to suppress into an independent final order that is immediately appealable. Accordingly, we address whether section 924.07(1)(l) may provide the State with the authority to appeal a non-final order without violating the Florida Constitution.

CONSTITUTIONALITY OF SECTION 924.07(1)(l)
Article V, section 4(b)(1) of the Florida Constitution vests in this Court exclusive power to determine the authority of district courts of appeal to hear appeals of non-final orders in both civil and criminal cases:
District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.

(Emphasis supplied.)
In State v. Smith, 260 So.2d 489, 489 (Fla.1972), we held that another subsection of section 924.07[1] was unconstitutional because "the jurisdiction of the District Court to entertain such interlocutory appeals may be granted only by rule of this Court." In Smith, we relied on the prior constitutional provision, article V, section 5(3), Florida Constitution (1968), which contained a provision substantially similar to that now found in article V, section 4(b)(1).[2] As we unequivocally explained in Smith:
The Constitution does not authorize the legislature to provide for interlocutory review. Any statute purporting to grant interlocutory appeals is clearly a declaration of legislative policy and no more. *1225 Until and unless the Supreme Court of Florida adopts such a statute as its own... the purported enactment is void.
260 So.2d at 491 (quoting State v. Smith, 254 So.2d 402, 404 (Fla. 1st DCA 1971)).
Ten years later in R.J.B. v. State, 408 So.2d 1048, 1050 (Fla.1982), we held another statute unconstitutional that we construed to authorize a juvenile to take an immediate appeal of an order waiving the juvenile court's jurisdiction and authorizing the juvenile to be tried as an adult. In R.J.B., we relied on the reasoning of Smith and the plain language of article V, section 4(b)(1). See R.J.B., 408 So.2d at 1050. We interpreted that constitutional provision as vesting this Court with "the sole authority of deciding when appeals may be taken from interlocutory orders." Id. Consistent with our prior case law and the unequivocal language of article V, section 4(b)(1), we find that this Court alone has the power to define the scope of interlocutory appeals, and, therefore, section 924.07(1)(l) is unconstitutional to the extent that it provides the State with the right to an interlocutory appeal not provided by court rule.

OUR PROCEDURAL RULES AND DOUBLE JEOPARDY PRINCIPLES
Although only this Court may define the scope of interlocutory appeals, this Court's procedural rules do not provide authority for the State to appeal an order granting a motion to suppress during trial. See Savoie v. State, 422 So.2d 308, 311 (Fla.1982); see generally Fla. R.App. P. 9.140(c)(1). This is in contrast to rule 9.140(c)(1)(B), which authorizes appeals of trial court orders suppressing evidence before trial.
Presumably, the failure of the rules to provide for an appeal of a ruling on a motion to suppress during trial is in recognition of the double jeopardy implications that would arise if an appeal were authorized in that circumstance. Even if the Legislature possessed the authority to establish the categories of non-final appeals that the district courts should hear and even if the appeal was authorized by the applicable appellate rules, retrial in this case would have been barred because of double jeopardy principles. See Gaines, 731 So.2d at 9 n. 2.
The Fifth Amendment to the United States Constitution and article I, section 9 of the Florida Constitution protects an accused against being twice put in jeopardy for the same offense. See Thomason v. State, 620 So.2d 1234, 1236 (Fla. 1993). As we explained in Thomason, jeopardy attaches in a criminal proceeding when the jury is impaneled and sworn. See id. (citing Crist v. Bretz, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978), and State ex rel. Williams v. Grayson, 90 So.2d 710, 713 (Fla.1956)); see also Fla. R.Crim. P. 3.191(c) (providing that the trial is deemed to have commenced when the jury panel for that specific trial is sworn for the voir dire examination or, if the jury is waived, when the trial proceedings begin before the judge). Thus, when a trial court grants a motion to suppress evidence during trial, jeopardy has already attached and a defendant's constitutional protections against being placed in double jeopardy are implicated. See State v. Livingston, 681 So.2d 762, 764 (Fla. 2d DCA 1996); see also Thomason, 620 So.2d at 1236-37.
The State alternatively contends that the trial court's order suppressing the evidence and dismissing the drug charge in this case was subject to appellate review under rule 9.140(c)(1)(A), which provides that the State may appeal an order "dismissing an indictment or information or any count thereof."[3] In its opinion, the *1226 Fourth District explained that the trial court should have granted a motion for judgment of acquittal, instead of simply dismissing the case, because the rules do not provide for a dismissal under these circumstances. See Gaines, 731 So.2d at 8 n. 1.[4] However, whether deemed a dismissal or an acquittal, as explained by the United States Supreme Court, "the trial judge's characterization of his [or her] own action cannot control the classification of the action" for purposes of double jeopardy. United States v. Scott, 437 U.S. 82, 96, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (quoting United States v. Jorn, 400 U.S. 470, 478 n. 7, 91 S.Ct. 547 n. 7, 27 L.Ed.2d 543 (1971)). Therefore, a trial court's actions constitute an acquittal for double jeopardy purposes when "the ruling of the judge, whatever its label, actually represents a resolution [in the defendant's favor], correct or not, of some or all of the factual elements of the offense charged." Scott, 437 U.S. at 97, 98 S.Ct. 2187 (quoting United States v. Martin Linen Supply Co., 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)) (alteration in original).
Regardless of how the trial court's order is characterized, the trial court's dismissal in this case constituted an acquittal for double jeopardy purposes because it resolved the factual elements of the offense in favor of Gaines. See Scott, 437 U.S. at 97, 98 S.Ct. 2187.[5] Accordingly, even if the trial court's order was considered an order "dismissing an indictment or information," which is appealable under rule 9.140(c)(1)(A), Gaines' double jeopardy protections would have barred further prosecution because, at the time the trial court dismissed the case, jeopardy had already attached. See Scott, 437 U.S. at 96-97, 98 S.Ct. 2187; Thomason, 620 So.2d at 1236.

RULINGS ON MOTIONS TO SUPPRESS DURING TRIAL
The State also asserts that the trial court was without authority to grant the motion to suppress during trial. This Court's decision in Savoie and the wording of rule 3.190(h)(4) of the Florida Rules of Criminal Procedure dispose of the State's argument. Rule 3.190(h)(4) of the Florida Rules of Criminal Procedure provides:
Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.

(Emphasis supplied.)[6] In Savoie, this Court held that the defendant's failure to *1227 file a pretrial motion to suppress does not result in an absolute waiver of the defendant's right to file a motion to suppress during trial. 422 So.2d at 311. We recognized that rule 3.190(h)(4) "expressly grants the trial judge discretionary authority to entertain either a motion to suppress or an objection to the introduction of certain evidence made during the course of the trial." Savoie, 422 So.2d at 311. As we explained in Savoie:
This discretionary authority is necessary in order to avoid the sixth amendment ramifications which might result from the application of an absolute waiver rule against a defendant whose counsel failed to comply with the requirements of rule 3.190(h). Likewise, the rule does not affect the inherent power of the trial court to reconsider, while the court has jurisdiction of the case and upon appropriate motion or objection by either counsel, a ruling previously made on a motion to suppress.
Id. at 311-12.
In exercising the discretionary authority to entertain a motion to suppress during trial, "the judge must balance the rights of the defendant to due process and effective assistance of counsel with the rights of the State to have an opportunity to appeal an adverse ruling on a motion to suppress." Id. at 312. This authority vests the trial court with discretion in circumstances where new facts come to light during trial that demonstrate a meritorious basis for granting the motion to suppress.[7] The question becomes how to strike the appropriate balance.[8]
The Court explained that the general requirement that a motion to suppress be made before trial is "designed to promote the orderly process of trial by avoiding the problems and delay caused when the trial judge must interrupt trial, remove the jury from the courtroom, and hear argument on a motion to suppress that could have been disposed of before trial." 422 So.2d at 311. Further, when the ruling is issued before trial, the State is given the opportunity to appeal the ruling of a trial judge in the event the evidence is suppressed. See id.; Fla. R.App. P. 9.140(c)(1)(B).
In an attempt to balance these competing interests, this Court in Savoie suggested the possibility that under certain circumstances, the State could appeal a trial court's ruling on a motion to suppress that was made during trial. As stated in Savoie, "The state could retain the right to appeal if the defendant consented, prior to *1228 the hearing on the motion, to a mistrial in the event the trial court suppresses the evidence." 422 So.2d at 312 n. 1. Although we did not say so explicitly, the Court was relying on the principle that if a mistrial is granted at the defendant's request, reprosecution is not barred on double jeopardy grounds absent a showing of intentional prosecutorial bad faith or judicial conduct designed to produce the mistrial. See Rutherford v. State, 545 So.2d 853, 855 (Fla.1989); State v. Zamora, 538 So.2d 95, 96 (Fla. 3d DCA 1989) (citing Oregon v. Kennedy, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)).
We explained the governing principles regarding mistrials and double jeopardy in Fuente v. State, 549 So.2d 652, 657-58 (Fla.1989):
The double jeopardy clause of the fifth amendment of the United States Constitution bars repeated prosecutions for the same offense. Where a mistrial is granted over defense objection, a second trial is barred unless a "manifest necessity" for the mistrial is established. Oregon v. Kennedy, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). Double jeopardy is generally no bar to a subsequent prosecution when a mistrial was granted in the original trial upon the defendant's motion. Id. at 673, 102 S.Ct. at 2088; Bell v. State, 413 So.2d 1292, 1294 (Fla. 5th DCA 1982). In Oregon v. Kennedy, the United States Supreme Court held that there is a narrow exception to this rule where it can be shown that the prosecution's "conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." 456 U.S. at 679, 102 S.Ct. at 2091. In rejecting the "overreaching" standard for determining when retrial is barred that was adopted by the Oregon Court of Appeals, the Court explained that prosecutorial conduct that might be viewed as harassment or overreaching sufficient to justify a mistrial, is insufficient to bar a retrial absent such an intent. Id. at 675-76, 102 S.Ct. at 2089-90. "Only where the governmental conduct in question is intended to `goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." Id. at 676, 102 S.Ct. at 2089.
Thus, absent improper governmental action intended to provoke the defendant's mistrial request and subject the defendant to the substantial burden imposed by multiple prosecutions, the defendant waives his or her constitutional double jeopardy rights where the defendant moves for a mistrial, consents to one, or by his or her conduct causes one. See Kennedy, 456 U.S. at 672, 102 S.Ct. 2083; United States v. Dinitz, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976).
Assuming that double jeopardy principles would not bar reprosecution if the defendant filed a motion to suppress during trial and agreed to a mistrial if the motion to suppress was granted, the question remains whether the trial court's order granting a mistrial, even with the defendant's consent, could be immediately appealed by the State. Although our dicta in Savoie was relied on in State v. Stevens, 563 So.2d 188, 189-90 (Fla. 1st DCA 1990), and cited with approval by the Fourth District in Gaines, Judge Ervin in Stevens questioned under what authority the State could appeal trial court orders suppressing evidence during trial after a mistrial was granted with the consent of the defendant. See Stevens, 563 So.2d at 190 (Ervin, J., dissenting). As Judge Ervin pointed out, the applicable rules of appellate procedure do not provide the State with a mechanism to appeal a trial court's order granting a mistrial or to appeal an adverse ruling suppressing evidence entered after the jury has been sworn, even if the defendant moves for or consent to a mistrial. See id.; see generally Fla. R.App. P. 9.140(c)(1)(A)-(M).
Because this precise issue has not been addressed by the parties and because it is *1229 not entirely clear to us how the current rules would provide the State with the immediate right to appeal an adverse ruling on a motion to suppress entered after the jury has been sworn, we refer this matter to the Florida Bar Criminal Procedure Rules Committee and the Appellate Court Rules Committee to study whether any proposed changes to the rules are necessary and to make any recommendations that are consistent with the State's right to appeal and the applicable constitutional considerations.
We also suggest the possibility of another alternative, utilizing the current procedural rules, that would likewise avoid double jeopardy implications. The trial court could exercise its discretion to withhold ruling on the merits of the motion to suppress and motion for a judgment of acquittal and allow the case to be submitted to the jury. See Scott, 437 U.S. at 100 n. 13, 98 S.Ct. 2187 n. 13. If the defendant is acquitted, no further proceedings regarding the motion to suppress or motion for a judgment of acquittal would be necessary. However, if the jury finds the defendant guilty of the crime charged, the trial court could then consider the motion to suppress post-trial in conjunction with the defendant's renewed motion for a judgment of acquittal or motion for new trial.[9]
If the trial court finds the defendant's motion to suppress to be meritorious, the trial judge could then grant either the defendant's motion for new trial or motion for judgment of acquittal. If there is no other legally sufficient evidence, then a judgment of acquittal would be appropriate. If there is other evidence the State could rely on to obtain a conviction, the trial court could grant the defendant's motion for a new trial. See Fla. R.Crim. P. 3.600(a)(2) (mandating the court grant a new trial if the "verdict is contrary to law or the weight of the evidence").
Under this scenario, the State would be afforded the right to bring an immediate appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(C), which provides the State with the right to appeal orders "granting a new trial," or rule 9.140(c)(1)(E), which allows the State to appeal an order "granting a motion for judgment of acquittal after a jury verdict."[10] While this alternative may not be appropriate in all cases, it would provide the trial court with a means to consider a belatedly filed motion to suppress without violating double jeopardy concerns or eliminating the ability of the State to appeal an adverse ruling.

THIS CASE
In the present case, as pointed out by Judge Klein, "It appears from reading the transcript in this case that the state was not aware, when the trial court agreed to hear the motion to suppress during trial, that the state would be foreclosed from taking an appeal." Gaines, 731 So.2d at 8. Thus, the trial court granted Gaines' motion to suppress and did not consider the possible alternatives, such as requiring Gaines to agree to a mistrial in the event the motion was granted or deferring its ruling until after the jury returned its verdict. Cf. Livingston, 681 So.2d at 764-65 (finding that although all the parties agreed to the trial court hearing the motion to suppress after the jury was sworn, *1230 double jeopardy considerations precluded further prosecution of the defendant where the defendant did not move for a mistrial, consent to a mistrial, or cause a mistrial). Similar to Livingston, because the trial court did not condition the granting of Gaines' motion to suppress on Gaines' agreement to a mistrial, the Fourth District had no alternative other than to dismiss the State's appeal because a retrial under those circumstances would violate the constitution's prohibition against twice placing a defendant in jeopardy for the same offense. See Gaines, 731 So.2d at 9 n. 2.
Accordingly, for the reasons stated in this opinion, we affirm the decision of the Fourth District.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, LEWIS and QUINCE, JJ., concur.
ANSTEAD, J., concurs in result only.
NOTES
[1] Section 924.07(8), Florida Statutes (Supp. 1972), the subsection at issue in State v. Smith, 260 So.2d 489 (Fla.1972), authorized the State to appeal pretrial orders.
[2] Article V, section 5(3), Florida Constitution (1968), provided:

JURISDICTION. Appeals from trial courts in each appellate district, and from final orders or decrees of county judge's courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals may be taken direct to the supreme court or to a circuit court.
The supreme court shall provide for expeditious and inexpensive procedure in appeals to the district courts of appeal, and may provide for review by such courts of interlocutory orders or decrees in matters reviewable by the district courts of appeal.
(Emphasis supplied.) In 1972, the current article V, section 4(b)(1) of the Florida Constitution was adopted. See Fla. SJR 52-D (1972) at 100.
[3] The statutory authority for rule 9.140(c)(1)(A) is found in section 924.07(1)(a), Florida Statutes (1997), which provides that the State may appeal from "[a]n order dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release."
[4] Florida Rule of Appellate Procedure 9.140(c)(1)(E) only provides the State with the right to appeal a trial court order "granting a motion for judgment of acquittal after a jury verdict." (Emphasis supplied.)
[5] This case is thus distinguishable from State v. Sherrod, 383 So.2d 752, 753 (Fla. 4th DCA 1980), and State v. Harris, 439 So.2d 265 (Fla. 2d DCA 1983). In Sherrod, the Fourth District determined that although the trial court's order dismissing charges against a defendant with prejudice resembled a judgment of acquittal, it should be treated as an order dismissing an information, which was appealable by the State pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(A). See Sherrod, 383 So.2d at 753. Similarly, in Harris, the Second District determined that the trial court's order granting the defendant's motion for judgment of acquittal was the functional equivalent of an order arresting judgment, which was appealable under rule 9.140(c)(1)(D). 439 So.2d at 268-69. Unlike Gaines, however, neither Sherrod nor Harris involved double jeopardy concerns because the defendants were not "acquitted" of their respective criminal charges. The trial courts' rulings in Sherrod and Harris were not based on the fact that the evidence was legally insufficient to sustain convictions. See Harris, 439 So.2d at 269-70; Sherrod, 383 So.2d at 753-54; see also United States v. Scott, 437 U.S. 82, 97, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).
[6] The language in Florida Rule of Criminal Procedure 3.190(h)(4) has remained unchanged since our decision in Savoie v. State, 422 So.2d 308 (Fla.1982).
[7] In fact, pursuant to prior case law, a defendant is required to renew a pretrial motion to suppress at the time the evidence is introduced in order to preserve the issue for appellate review. See Green v. State, 711 So.2d 69, 70 (Fla. 4th DCA 1998); Wykle v. State, 659 So.2d 1287, 1289 (Fla. 5th DCA 1995). This principle is in recognition of the possibility that the trial court might change its prior ruling based on the testimony and evidence introduced at trial. Otherwise, there would be no purpose for this requirement. Cf. Joiner v. State, 618 So.2d 174, 176 (Fla.1993) (imposing requirement that counsel renew his objection that a peremptory challenge had been racially motivated before accepting jury to give trial judge the opportunity to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling).
[8] In striking this balance, we recognize that the State's right to appeal an adverse ruling is a limited one that is strictly governed by statute, rule and overriding constitutional principles, such as the constitution's protection against double jeopardy. See State v. Creighton, 469 So.2d 735, 740 (Fla.1985), receded from on other grounds, Amendments to Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104 (Fla.1996). In State v. Jones, 488 So.2d 527, 528 (Fla.1986), we explained that the State does not have the same right to appeal as any other party litigant and that the State's right to appeal in criminal cases "should be construed narrowly." Moreover, in allowing the State to petition for certiorari, we have expressly recognized that this right is limited to pretrial orders. See Weir v. State, 591 So.2d 593, 594 (Fla.1991); State v. Pettis, 520 So.2d 250, 254 (Fla.1988) (determining that relief by certiorari is reserved for situations where "there has been a violation of a clearly established principle of law resulting in a miscarriage of justice") (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)).
[9] After a defendant has been convicted by a trier of fact and the trial court subsequently sets aside the verdict by granting a defendant's postverdict motion, the Double Jeopardy Clause's policy against multiple prosecution would not be offended if the State seeks to appeal the trial court's ruling. See United States v. Wilson, 420 U.S. at 332, 344-45, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Under these circumstances, a reversal on appeal would not subject the defendant to a second trial, but "would merely reinstate the jury's verdict." Id. at 345, 95 S.Ct. 1013. Thus, the Double Jeopardy Clause would not be violated because any error could be corrected without subjecting the defendant to a second trial. See id.
[10] These rules parallel the statutory provisions in section 924.07(1)(b) and (1)(j), Florida Statutes (1999).