HARRIS, J.
The purpose of Miranda[1] is not to reward the defendant because of police overreaching; it is to deny law enforcement the benefits derived from the overreaching in order to discourage such improper police conduct. Evidence properly obtained, however, should not be suppressed merely because of subsequent police improprieties. Therefore, the trial judge had no basis for striking statements *1212 made after Miranda but before defendant’s subsequent request for an attorney was ignored by the police.
In this case, DeSantiago, during an argument with his girlfriend, allegedly hit her two year old daughter in the stomach causing massive abdominal hemorrhaging which led to her death. He was indicted for first degree murder. At the hospital, the police questioned both the mother of the child and DeSantiago. Both were given Miranda warnings and both waived an attorney. However, at some point during his questioning, DeSantiago asked for an attorney. His request was ignored. Defendant subsequently moved to suppress statements made in violation of Miranda. The court granted this motion. But the scope of the court’s order was unclear (because the court stated in its order that “early in the interview” the defendant asked questions bearing on the potential exercise of his rights) so the State moved for clarification. This motion was denied. The State accepted the court’s ruling suppressing the statements made in violation of Miranda and did not appeal.
At trial, the State’s first witness (the officer who conducted the questioning) made reference to questioning the defendant. The defense moved for mistrial urging that since the statement had been suppressed, this comment of the witness violated the court’s pretrial order of suppression and improperly commented on defendant’s right to remain silent. The court granted the mistrial and directed that a new trial would be conducted within sixty days. In granting the mistrial, the court was required to determine whether its original suppression order suppressed all of the statements given by DeSantiago or only those statements made after his request for an attorney. The court, during this aborted trial, determined that it intended by its initial order to suppress all statements. At this point, while there was no trial pending and the parties were in a pretrial (for purposes of the new trial scheduled to start within sixty days) mode, the State moved for rehearing of what it considered to be an amended ruling on the motion to suppress. The court denied the request. Now, during this pretrial period, the State appeals what it contends to be a modification or expansion of the court’s suppression order which was not made until the aborted trial and argues that its appeal is within the jurisdictional time period for this amended ruling. The defense claims that this court lacks jurisdiction to hear such appeal because the appeal should have been brought following the trial court’s initial pretrial ruling and, hence, the present appeal is untimely.
The resolution of this issue depends on whether the trial court did in fact expand or amend its ruling during the aborted trial and, if it did, whether the court’s granting a mistrial and ordering a new trial makes this amended suppression order one “before trial” so that it is appeal-able under Rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure.
We agree with the State that the court, by suppressing the entire statement given by DeSantiago, in effect, amended its initial order. Its initial order specifically granted defendant’s motion to suppress and that motion only requested that those statements made in violation of Miranda should be suppressed. Hence, the only request before the court was to suppress such statements. There is nothing in this record and nothing in the court’s order which supports suppressing these statements other than a violation of Miranda.
We agree with the State that it had no basis to appeal the court’s initial order. Had the appeal been taken by the State immediately after the initial ruling suppressing the evidence, we most certainly would have affirmed, perhaps by PCA, because the court would have been right in *1213 granting defendant’s motion. We would have interpreted any ambiguity in the order in favor of suppressing only the statements made after defendant’s request for an attorney because of the presumption of correctness of the trial court’s action. An order striking the post-Miranda, pre-re-quest statements would have been clearly erroneous and we would not have presumed that ruling. The State should not be penalized for interpreting the court’s order in such a way, as we would have, that it complied with law.
We adopt the analysis in State v. Stevens, 563 So.2d 188 (Fla. 1st DCA 1990), and hold that the granting of a motion to suppress during a trial aborted by the granting of defendant’s motion for mistrial and the ordering of a new trial results in an appealable order under the rule. We acknowledge that the supreme court in State v. Gaines, 770 So.2d 1221 (Fla.2000), questioned whether the Stevens analysis (and the supreme court’s dicta in Savoie v. State, 422 So.2d 308 (Fla.1982)) is in compliance with Rule 9.140(c), Fla.R.App. P. However, even though the court expressed some concern, rather than decide the matter immediately, it referred it to the rules committees. We cannot determine what resulted from this referral.
The court’s primary concern seems to be whether the present rule expressly permits an appeal of an adverse ruling on a motion to suppress after a jury has been sworn. It is true that the rule does not expressly refer to rulings on motions to suppress made during a trial which directly results in a mistrial and new trial. But the rule does permit appeals from rulings suppressing statements made “before trial.” A trial ending in mistrial, we submit, is no trial. A ruling made at this “no trial” which will affect an upcoming trial is, we believe, within the contemplation of the “before trial” provision of the rule. And the fact that a jury is empaneled at the time of the ruling should have no effect on the issue of appeal unless it is determined that double jeopardy is involved. The granting of defendant’s motion for mistrial, unless it is shown that the State acted in bad faith designed to produce the mistrial, resolves the double jeopardy issue.
We, therefore, find that we have jurisdiction to hear this appeal and we find that the court erred in suppressing statements made between the Miranda warnings and the defendant’s request for an attorney. Because we may be .misreading Gaines, we certify the following question:
IF THE COURT AMENDS A PRETRIAL ORDER SUPPRESSING EVIDENCE DURING TRIAL AND THE EFFECT OF THE AMENDMENT CAUSES A MISTRIAL AT THE REQUEST OF THE DEFENDANT SO THAT A NEW TRIAL IS ORDERED, IS THE COURT’S AMENDED RULING SUBJECT TO APPEAL BY THE STATE UNDER FLORIDA RULE OF APPELLATE PROCEDURE 9.140(c)?
REVERSED for further action consistent with this opinion.
SHARP, W., and SAWAYA, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).