FULMER, Chief Judge.
We dismiss this appeal for lack of jurisdiction and explain our reasoning. In this appeal, the State seeks review under Florida Rule of Appellate Procedure 9.140(c)(1)(B) of an order granting a motion to suppress evidence.' However, the trial court did not enter a written order on the suppression issue. This court lacks jurisdiction to hear the appeal from an order granting a motion to suppress where no written order has been entered by the trial court. See State v. Johnson, 892 So.2d 563 (Fla. 1st DCA 2005); State v. Siegel, 662 So.2d 1013 (Fla. 5th DCA 1995). Furthermore, the record contains an order entered by the trial court on September 25, 2005, adjudging the Appel-lee not guilty. Because the case has been dismissed below, this court is without jurisdiction to entertain an appeal from an interlocutory order suppressing evidence. This is so because were we to reverse on the suppression issue, we would be unable to remand for further proceedings because there would be no pending case in the trial court until the State refiled a charging document.
The Florida Supreme Court has explained that “the State’s right to appeal an adverse ruling is a limited one that is strictly governed by statute, rule and overriding constitutional principles.” State v. Gaines, 770 So.2d 1221, 1227 n. 8 (Fla.2000). The State’s right to appeal in criminal cases should be construed narrowly. Id.
The record indicates that the trial judge orally dismissed the case after the State indicated it would not go forward with jury selection. While the State may have been able to appeal from this order under rule 9.140(c)(1)(A), our disposition of such an appeal would turn on the propriety of the dismissal rather than the propriety of the suppression order. We decline to treat the two rulings as one. See Gaines, 770 So.2d at 1224 (“The fact that the order granting the motion to suppress was contained in the same written order as the order of dismissal does not convert the trial court’s ruling on the motion to sup *256 press into an independent final order that is immediately appealable.”).
Accordingly, this appeal is dismissed for lack of jurisdiction.
WHATLEY and STRINGER, JJ., Concur.