IN THE DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 19, 2017.

STATE OF FLORIDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　Case No.　2D15-2734
　　　　　　　　　　　　　　　　　　)
M.C.,　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

BY ORDER OF THE COURT:

　　　　　　Appellee, M.C., has filed a motion for rehearing and a motion to dismiss.

We grant the motions.  The opinion dated February 10, 2017, is withdrawn, and the

attached opinion is substituted therefor.  No further motions for rehearing will be

entertained in this appeal.


I HEREBY CERTIFY THE FOREGOING IS A TRUE COPY OF THE ORIGINAL
COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

STATE OF FLORIDA,                          )
                                           )
            Appellant,                     )
                                           )
v.                                         )       Case No.  2D15-2734
                                           )
M.C.,                                      )
                                           )
            Appellee.                      )
_____)

Opinion filed July 19, 2017.

Appeal from the Circuit Court for
Hillsborough County; Ralph C. Stoddard,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Helene S. Parnes,
Assistant Attorney General, Tampa, for
Appellant.

Howard L. Dimmig, II, Public Defender, and
Joanna Beth Conner, Assistant Public
Defender, Bartow, for Appellee.

LaROSE, Chief Judge.

            The trial court granted the motion to suppress evidence after it began to

hear evidence in the case.  It later dismissed the case.  Therefore, we must dismiss the

appeal.  See State v. Gaines, 770 So. 2d 1221, 1225 (Fla. 2000) ("[W]hen a trial court

grants a motion to suppress evidence during trial, jeopardy has already attached and a

defendant's constitutional protections against being placed in double jeopardy are

implicated." (citing State v. Livingston, 681 So. 2d 762, 764 (Fla. 2d DCA 1996)));

W.B.S. v. State, 851 So. 2d 802, 804 (Fla. 2d DCA 2003) ("In a nonjury trial, jeopardy attaches when the court begins to hear evidence." (citing R.A.C. v. State, 736 So. 2d 718 (Fla. 2d DCA 1999))).

This case is dismissed.

SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.