BY ORDER OF THE COURT:
Appellee, M.C., has filed a motion for rehearing and a motion to dismiss. We grant the motions. The opinion dated February 10, 2017, is withdrawn, and the attached opinion is substituted therefor. No further motions for rehearing will be entertained in this appeal.
LaROSE, Chief Judge.
The trial court granted the motion to suppress evidence after it began to hear evidence in the case. It later dismissed the case. Therefore, we must dismiss the appeal. See State v. Gaines, 770 So.2d 1221, 1225 (Fla. 2000) (“[Wjhen a trial court grants a motion to suppress evidence during trial, jeopardy has already attached and a defendant’s constitutional protections against being placed in double jeopardy are implicated.” (citing State v. Livingston, 681 So.2d 762, 764 (Fla. 2d DCA 1996))); W.B.S. v. State, 851 So.2d 802, 804 (Fla. 2d DCA 2003) (“In a nonjury trial, jeopardy attaches when the court begins to hear evidence.” (citing R.A.C. v. State, 736 So.2d 718 (Fla. 2d DCA 1999))).
This case is dismissed.
SILBERMAN and ROTHSTEIN-YOUAKIM, JJ., Concur.